# EXHIBIT
# 1

# Northampton County Prothonotary Online Portal

My Documents > Case Details

# Case Details

## TIFFANY LEDONNE VS. BANK OF AMERICA NA

Open

**C-48-CV-2026-04535**

**Civil: Real Property - Quiet Title**

## CASE PARTICIPANTS

Participants

**Plaintiff** (1 of 1)

**TIFFANY LEDONNE** (Primary)
2655 LOWER WAY

VS

**Defendant** (1 of 3)

**BANK OF AMERICA NA** (Primary)
PO BOX 961291
FORT WORTH, TX 76161-0291

**Attorney** (0 of 0)

**No Attorney**

**Attorney** (1 of 1)

**DANIELLE C SALSI, ESQ** (Primary)
260 FORBES AVENUE SUITE 1800
PITTSBURGH, PA 15222

## ADDITIONAL INFORMATION

**DETAILS**

**DATE FILED:** 05/14/2026 **STATUS:** Open **DATE CLOSED:** **DAYS OPEN:** 35

© CountySuite Portal, Teleosoft, Inc. (http://www.teleosoft.com)

**REFERENCE NUMBERS:**

**COMMENCEMENT:** Complaint

**NOTES:**

## CASE DISPOSITIONS

| Date | Category | Result |
|---|---|---|
| No Dispositions | | |

## CASE DOCKET ENTRIES

+ Add to Cart (0)

+ Expand All Dockets

| Date | Category | Description | Attachments | |
|---|---|---|---|---|
| 06/17/2026 | ENTRY OF APPEARANCE | PRAECIPE FOR E... | 1 | View |
| 05/29/2026 | RETURN OF SERVICE SUBMITTED | SHERIFF'S RETUR... | 1 | View |
| 05/20/2026 | LIS PENDENS | AMENDED LIS PE... | 1 | View |
| 05/20/2026 | AMENDED COMPLAINT | FIRST AMENDED ... | 1 | View |
| 05/14/2026 | IN FORMA PAUPERIS | PETITION FOR LE... | 1 | View |
| 05/14/2026 | LIS PENDENS | PRAECIPE FOR LI... | 1 | View |

© CountySuite Portal, Teleosoft, Inc. (http://www.teleosoft.com)

## ADDITIONAL CASE DOCUMENTS

+ Add to Cart (0)

| | Date | Description | Date Added |
|---|---|---|---|

No Case Documents

## CASE JUDGMENTS

| Date | Creditor | Debtor | Description | Amount | |
|---|---|---|---|---|---|
| 05/14/2026 | TIFFANY LEDONNE | BANK OF AMERICA NA | LIS PENDENS INDEXED | $0.00 | View |
| 05/20/2026 | TIFFANY LEDONNE | BANK OF AMERICA NA | AMENDED LIS PENDENS | $0.00 | View |
| 05/21/2026 | TIFFANY LEDONNE | FEDERAL NATIONAL MORTGAGE ASSOCIATION | AMENDED LIST PENDENS | $0.00 | View |
| 05/21/2026 | TIFFANY LEDONNE | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | AMENDED LIST PENDENS | $0.00 | View |

© CountySuite Portal, Teleosoft, Inc. (http://www.teleosoft.com)

Northampton County Prothonotary E-Filed - 17 Jun 2026 10:15:24 AM
Case Number: C-48-CV-2026-04535

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA**

TIFFANY LEDONNE

*Plaintiff,*

v.

BANK OF AMERICA, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION

*Defendants*

CIVIL DIVISION

No. C-48-CV-2026-04535

**PRAECIPE FOR ENTRY OF APPEARANCE**

Filed on behalf of Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. and Federal National Mortgage Association

Counsel of Record for Defendants

Danielle C. Salsi
Pa. Id. No. 204279
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, Pennsylvania 15222
T: (412) 667-7917
F: (412) 402-4167
E-mail: dsalsi@mcguirewoods.com

Northampton County Prothonotary E-Filed - 17 Jun 2026 10:15:24 AM
Case Number: C-48-CV-2026-04535

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA**

TIFFANY LEDONNE

*Plaintiff,*

v.

BANK OF AMERICA, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION

*Defendants*.

CIVIL DIVISION

No. C-48-CV-2026-04535

**PRAECIPE FOR ENTRY OF APPEARANCE**

TO THE PROTHONOTARY:

Please enter the appearance of McGuireWoods LLP and Danielle C. Salsi, Esquire, as counsel of record for Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. and Federal National Mortgage Association in the above-styled action.

Respectfully submitted,

Dated: June 17, 2026

By: */s/ Danielle C. Salsi*

Danielle C. Salsi
Pa. ID No. 204279
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, Pennsylvania 15222
T: (412) 667-7917
F: (412) 402-4167
dsalsi@mcguirewoods.com

Northampton County Prothonotary E-Filed - 17 Jun 2026 10:15:24 AM
Case Number: C-48-CV-2026-04535

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Praecipe for Entry of Appearance was served this 17th day of June, 2026, via U.S. Mail, postage pre-paid, upon the following:

Tiffany Ledonne
2655 Lower Way
Easton, Pennsylvania 18040
*Pro Se Plaintiff*

*/s/ Danielle C. Salsi*
Danielle C. Salsi

# SHERIFF'S DEPARTMENT OF NORTHAMPTON COUNTY

**Christopher Zieger**
*Sheriff*

**George Volpe**
*Chief Deputy*

TIFFANY LEDONNE
vs.
BANK OF AMERICA NA

**Case Number**
C-48-CV-2026-04535

## SHERIFF'S RETURN OF SERVICE

05/14/2026 SHERIFF CHRISTOPHER ZIEGER, IN AND FOR THE COUNTY OF NORTHAMPTON AND BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS THAT THE SHERIFF OF DAUPHIN COUNTY WAS DEPUTIZED THIS DATE TO SERVE THE WITHIN COMPLAINT TO QUIET TITLE (CTQT) TO THE WITHIN NAMED DEFENDANT, BANK OF AMERICA NA, AT 600 NORTH 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

05/22/2026 12:20 PM - DEPUTY JEFFREY SHADE OF THE DAUPHIN COUNTY SHERIFF'S DEPARTMENT AFFIRMS THAT THE REQUESTED COMPLAINT TO QUIET TITLE (CTQT) WAS SERVED UPON THE WITHIN NAMED DEFENDANT, BANK OF AMERICA NA, BY HANDING A TRUE AND ATTESTED COPY TO STEFONI MURPHY, WHO ACCEPTED AS AGENT IN CHARGE OF BUSINESS, AT 600 NORTH 2ND STREET, SUITE 401, HARRISBURG, PA 17101. THE RETURN OF SERVICE ATTACHED TO AND MADE PART OF THE WITHIN RECORD.

SHERIFF COST: $0.00

SO ANSWERS,

[signature]

May 29, 2026

CHRISTOPHER ZIEGER, SHERIFF

(c) CountySuite Sheriff, Teleosoft, Inc.

**RECORDING REQUESTED BY AND RETURN TO:**

Tiffany Ledonne

2655 Lower Way

Easton, PA 18040

FILED

2026 MAY 20 P 3:43

COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA.

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA**

**CIVIL DIVISION**

**TIFFANY LEDONNE,:**
Plaintiff,:No. C-48-CV-2026-04535
:
v.:**AMENDED NOTICE OF LIS PENDENS**
:
**BANK OF AMERICA, N.A.,:**
**MORTGAGE ELECTRONIC:FILED PRO SE**
**REGISTRATION SYSTEMS, INC., and:**
**FEDERAL NATIONAL MORTGAGE:**
**ASSOCIATION (FANNIE MAE),:**
**Defendants.:**

Praecipe

**AMENDED NOTICE OF LIS PENDENS**

NOTICE IS HEREBY GIVEN, pursuant to 42 Pa.C.S. § 4302 and applicable Pennsylvania law governing the recording of notice of pending actions affecting real property, that the above-captioned Action to Quiet Title is pending in the Court of Common Pleas of Northampton County, Pennsylvania, Civil Division, between the parties named above, as set forth more particularly herein:

1.Plaintiff in the above-captioned action is Tiffany Ledonne, residing at 2655 Lower Way, Easton, Pennsylvania 18040.

2.Defendants in the above-captioned action are (a) Bank of America, N.A., (b) Mortgage Electronic Registration Systems, Inc., and (c) Federal National Mortgage Association ("Fannie Mae").

3.The above-captioned action is an Action to Quiet Title filed pursuant to Pennsylvania Rule of Civil Procedure 1061, in which Plaintiff seeks a declaration that the mortgage lien claimed by Defendant Bank of America, N.A. against the real property described below is invalid, void, and/or unenforceable, and seeks an order quieting title to said real property in favor of Plaintiff.

4.The real property which is the subject of the above-captioned action is more particularly described as follows:

**Street Address: 2655 Lower Way, Easton, Pennsylvania 18040**

**Tax Parcel No.: K9 39A 47**

Reference: Recorded in the Office of the Recorder of Deeds of Northampton County, Pennsylvania, in Deed Book Vol. 2002-1, Page 031196, or Instrument No.: 2002005309. Legal description as set forth in said Deed and as more particularly described as Lot TH E191 on the Final Plan of Vista Estates as recorded in Map Book 1998-5, Page 340, in the Office of the Recorder of Deeds for Northampton County at Easton, Pennsylvania.

5.The above-captioned action affects title to, and the validity of liens upon, the real property described herein. Defendant Bank of America, N.A. claims a mortgage lien against said property in connection with loan number 219643283, the validity and enforceability of which is the subject of the above-captioned action.

6.Any person who, after the date of recording of this Amended Notice of Lis Pendens, acquires any interest in the real property described herein, takes such interest subject to the outcome of the above-captioned action and to any judgment, order, or decree entered therein.

7.This Amended Notice of Lis Pendens shall remain of record until the above-captioned action is finally determined, dismissed, or this Notice is otherwise discharged or released of record by order of the Court or by written instrument executed by Plaintiff and recorded in the Office of the Recorder of Deeds of Northampton County, Pennsylvania.

Respectfully submitted,

Tiffany Ledonne, Pro Se

2655 Lower Way

Easton, PA 18040

(201) 600-9705

rntiff6@gmail.com

Date: 5/20/26

## VERIFICATION

I, TIFFANY LEDONNE, verify that the statements made in the foregoing Amended Notice of Lis Pendens are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 5/20/26

Tiffany Ledonne, Plaintiff Pro Se

## NOTARY ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA)

) ss:

COUNTY OF NORTHAMPTON)

On this 20 day of May, 2026, before me, the undersigned officer, personally appeared TIFFANY LEDONNE, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within Amended Notice of Lis Pendens, and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

**NOTARY PUBLIC**

My Commission Expires: 11/7/2026

Commonwealth of Pennsylvania - Notary Seal
Sabrina Smith, Notary Public
Northampton County
My commission expires November 7, 2026
Commission number 1342258
Member, Pennsylvania Association of Notaries

**(NOTARY SEAL)**

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA**

**CIVIL DIVISION**

**TIFFANY LEDONNE,:**
Plaintiff,:No. C-48-CV-2026-04535
:
v.:**FIRST AMENDED COMPLAINT**
**:IN ACTION TO QUIET TITLE**
**BANK OF AMERICA, N.A.,:**
**MORTGAGE ELECTRONIC:FILED PRO SE**
**REGISTRATION SYSTEMS, INC., and:**
**FEDERAL NATIONAL MORTGAGE:**
**ASSOCIATION (FANNIE MAE),:**
**Defendants.:**

FILED
2026 MAY 20 P 3:43
COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA.

**FIRST AMENDED COMPLAINT IN ACTION TO QUIET TITLE**

Plaintiff, Tiffany LeDonne, proceeding pro se, brings this First Amended Complaint in Action to DQuiet Title against Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association ("Fannie Mae"), pursuant to Pennsylvania Rule of Civil Procedure 1033(a) (amendment as of right prior to filing of responsive pleading), and in support thereof states as follows:

**PARTIES**

1.Plaintiff, Tiffany LeDonne, is an adult individual residing at 2655 Lower Way, Easton, Pennsylvania 18040, and is the record owner of the real property which is the subject of this action.

2.Defendant, Bank of America, N.A. ("BoA"), is a national banking association with a mailing address for mortgage servicing of PO Box 961291, Fort Worth, TX 76161-0291, and a

Pennsylvania Registered Agent for Service of Process at CT Corporation System, 600 North 2nd Street, Suite 401, Harrisburg, PA 17101. Defendant BoA has at all times relevant to this action acted as mortgage servicer and/or claimed lienholder on the subject property.

3.Defendant, Mortgage Electronic Registration Systems, Inc. ("MERS"), is a Delaware corporation with a principal business address of 1818 Library Street, Suite 300, Reston, Virginia 20190, and a Pennsylvania Registered Agent for Service of Process at Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110. Defendant MERS was the named mortgagee of record on the original mortgage instrument recorded as Instrument No. 2010010357, and purported to assign the mortgage to Defendant BoA on or about March 7, 2023 by Instrument No. 2023004707 recorded in Book 2023-1, Page 40285 of the Northampton County Recorder of Deeds.

4.Defendant, Federal National Mortgage Association ("Fannie Mae"), is a federally-chartered government-sponsored enterprise organized under federal law, with its principal business address at 1100 15th Street NW, Washington, DC 20005. Defendant Fannie Mae is, on Plaintiff's information and belief, the holder and/or owner of the promissory note evidencing the underlying loan obligation referenced as the "Disputed Lien" herein. Plaintiff's belief is based on independent MERS Servicer Identification System lookups conducted on May 28, 2025 and April 29, 2026, each of which identified Federal National Mortgage Association as the Investor of Record on the subject loan, and on Defendant BoA's own correspondence to Plaintiff (including letters dated August 29, 2025 and January 21, 2026) referencing the "Fannie Mae (FNMA) Flex Modification" program as the framework under which trial period plans and modification offers on the subject loan have been administered.

**JURISDICTION AND VENUE**

5.This Court has jurisdiction over this action pursuant to 42 Pa.C.S. § 931 and Pennsylvania Rule of Civil Procedure 1061, as this is an action to quiet title to real property situated in Northampton County, Pennsylvania.

6.Venue is proper in Northampton County pursuant to Pa.R.C.P. 1006(a)(2), as the real property at issue is located within this County.

**THE SUBJECT PROPERTY**

7.The real property which is the subject of this action is located at 2655 Lower Way, Easton, Pennsylvania 18040, Tax Parcel No. K9 39A 47 (the "Property").

8.Plaintiff is the lawful record owner of the Property by virtue of a Deed dated January 31, 2002 from Strausser Enterprises, Inc., recorded in Deed Book Volume 2002-1, Page 031196 of the Northampton County Recorder of Deeds.

9.Defendant BoA claims, or has caused to be recorded, a mortgage lien against the Property in connection with loan number 219643283 (the "Disputed Lien"). The original mortgage was recorded April 15, 2010 as Instrument No. 2010010357 in Book 2010-1, Page 68001 of the Northampton County Recorder of Deeds, naming Defendant MERS as the original mortgagee.

**FACTUAL BACKGROUND**

10.On or about December 1, 2022, during the ongoing COVID-19 pandemic, Plaintiff was placed by Defendant BoA into an active COVID-19 Special Forbearance / mortgage payment deferment arrangement, which continued through on or about November 30, 2023 (the "Deferment Period"). Defendant BoA represented to Plaintiff that the deferment was protective relief, that no new loan would be created, and that the deferred amounts would function similar to a deferred student-loan-type balance rather than a new lending obligation. The existence of the Deferment Period is independently confirmed by Defendant BoA's own written correspondence to Plaintiff dated August 29, 2025, which acknowledges that Plaintiff was placed into a COVID Special Forbearance for the period December 1, 2022 through November 30, 2023.

11.During the Deferment Period, applicable federal protections, including those arising under the CARES Act; 12 C.F.R. § 1024.41 (RESPA loss-mitigation procedures), 12 C.F.R. § 1024.39 (early-intervention requirements), and applicable federal mortgage-servicing guidance, prohibited Defendant BoA from initiating or advancing foreclosure proceedings against Plaintiff while she remained in active forbearance / deferment status under Defendant BoA's own administration.

12. Notwithstanding such protections, and while Plaintiff was actively in the Deferment Period and operating under Defendant BoA's repeated representations that BoA was assisting her with COVID-era loss mitigation, Defendant MERS purported to assign the subject mortgage to Defendant BoA on or about March 7, 2023 by Instrument No. 2023004707 recorded in Book 2023-1, Page 40285, such that Defendant BoA became, or claimed to become, the owner of the loan rather than solely the servicer thereof. Plaintiff is informed and believes, and on that basis avers, that the said assignment was executed and recorded without proper notice to Plaintiff as required by 12 C.F.R. § 1024.33 and applicable federal mortgage-servicing rules, and in apparent violation of the federal foreclosure protections then in effect by virtue of Plaintiff's active Deferment Period status.

13. Throughout the Deferment Period, Plaintiff's online account access to her loan account with Defendant BoA was restricted, limited, or obscured such that Plaintiff could neither view nor verify the activity occurring on the loan account, including the said assignment and any foreclosure-related activity. The combination of (a) Defendant BoA's representations of ongoing COVID-era assistance to Plaintiff, (b) the contemporaneous restriction of Plaintiff's online account access, and (c) the contemporaneous initiation of foreclosure-related activity by Defendant BoA, operated to actively conceal from Plaintiff the true status of her loan and the foreclosure-related activity Defendant BoA was advancing during her active Deferment Period.

14. Simultaneously and/or in the period contemporaneous with said assignment, Defendant BoA initiated, advanced, or continued foreclosure-related activity against the Property in violation of the federal protections to which Plaintiff was entitled by virtue of her active Deferment Period status. To the extent Defendant BoA may contend that one or more deferment-related documents were not retained, completed, transmitted, or located in proper form during the Deferment Period, any such contention by Defendant BoA cannot operate to retroactively divest Plaintiff of the federal protections to which she was entitled by virtue of her active deferment status under Defendant BoA's own administration, nor can any such document-management contention by Defendant BoA justify the contemporaneous initiation of foreclosure-related activity by Defendant BoA against a borrower who was, in fact and in substance, in active deferment.

15.Plaintiff is informed and believes, and on that basis avers, that Defendant BoA's escrow accounting in connection with the loan is materially incorrect, including but not limited to: (a) a paper escrow statement issued by Defendant BoA prior to the deferment reflecting an approximate $18,000.00 escrow overage which is not reflected in Defendant BoA's current online records; (b) unapplied or misapplied funds, including three insurance refund checks from Erie Insurance Exchange totaling $4,975.00 issued in February 2023 (Check No. 3004951282 — $1,772.00 / 02-07-2023; Check No. 3004971162 — $1,631.00 / 02-16-2023; Check No. 3004971750 — $1,572.00 / 02-16-2023), which Defendant BoA directed Plaintiff to endorse and remit to Defendant BoA, and the application of which to Plaintiff's account cannot be verified from Defendant BoA's records.

16.Plaintiff was repeatedly placed under the threat of sheriff's sale of the Property, and on multiple occasions was coerced into executing loan modification agreements under duress in order to halt imminent sheriff's sale. The most recent such agreement was a loan modification agreement in the approximate amount of $48,000.00 first executed on or about November 21, 2025, re-executed on or about February 6, 2026, with the final modification document not delivered to Plaintiff until on or about April 11, 2026.

17.Plaintiff at no time wished to enter into any new loan obligation, and executed each modification agreement solely under duress and coercion arising from the threat of imminent sheriff's sale of her home, and in reliance on representations of counsel who subsequently abandoned Plaintiff.

18.Defendant BoA's records reflect internally inconsistent statements regarding the status of the loan, including documentation indicating that the underlying obligation was at one point marked "satisfied," while public court records simultaneously do not reflect such satisfaction and reflect, on the next succeeding day, the entry of a judgment against Plaintiff.

19.Plaintiff was previously a party to litigation concerning the subject loan and Property in this Court, captioned at Case No. C-48-CV-2024-04580, in which Plaintiff was poorly represented, did not have a meaningful opportunity to be heard on the merits of the servicing irregularities described herein, and which has since been closed without adjudication of the matters set forth in this Complaint.

20.Defendant MERS, as the named mortgagee on the original recorded instrument and as the purported assignor of the mortgage to Defendant BoA on March 7, 2023, is a necessary party to this Action to Quiet Title in order to fully and finally adjudicate the validity of the chain of title and chain of assignment as to the Disputed Lien. Defendant Fannie Mae, as the Investor of Record on the subject loan and the holder and/or owner of the underlying promissory note, is likewise a necessary party in order to fully and finally adjudicate any interest claimed against the Property and to ensure that any order quieting title binds all entities with a potential interest in the Disputed Lien.

21.On multiple occasions during the period 2024 through 2026, including in the loan modification offers culminating in the approximately $48,000.00 modification first executed on or about November 21, 2025, Defendant BoA offered Plaintiff a "Fannie Mae (FNMA) Flex Modification" administered pursuant to Fannie Mae Servicing Guide procedures and subject to Defendant Fannie Mae's investor approval. Defendant BoA's correspondence to Plaintiff dated August 29, 2025 and January 21, 2026 expressly references the "Fannie Mae (FNMA) Flex Modification" program as the framework under which trial period plans and modification offers on the subject loan have been administered. Defendant BoA's repeated offer of a Fannie Mae Flex Modification, and Defendant BoA's invocation of Fannie Mae Servicing Guide procedures, constitutes an admission by Defendant BoA that the subject loan is owned by Defendant Fannie Mae and that Defendant BoA acts as servicer thereof rather than as note holder. Defendant BoA cannot consistently maintain that it possesses unified note-and-mortgage standing to enforce the Disputed Lien against Plaintiff while simultaneously administering Fannie Mae Flex Modifications that presuppose Defendant Fannie Mae's ownership of the underlying note.

22.The original 2010 Mortgage instrument (recorded as Instrument No. 2010010357 in Book 2010-1, Page 68001 of the Northampton County Recorder of Deeds) was executed on Form 3039 1/01, the PENNSYLVANIA Single Family Fannie Mae/Freddie Mac UNIFORM INSTRUMENT (MERS) template. The use of the Fannie Mae/Freddie Mac uniform instrument at origination is further evidence that the subject loan was originated for delivery to and ownership by a government-sponsored enterprise, consistent with Plaintiff's averment that Defendant Fannie Mae is the holder and/or owner of the underlying note.

23.Plaintiff has identified, within the photocopied Original 2010 Mortgage instrument that was filed with this Court of Common Pleas by Defendant BoA, through its counsel Powers Kirn LLC, as part of the original foreclosure filing in the prior proceeding captioned at Case No. C-48-CV-2024-04580, visible physical erasure marks beneath one or more signature lines on the signature page (Page 16 of 17) of said Mortgage. Said erasure marks, together with smudging and apparent redaction artifacts, indicate that signature(s) other than Plaintiff's were physically present on the original document and were removed by erasure or other physical alteration prior to the photocopy's preparation and submission to the Court. Plaintiff's belief that an additional signature was present and removed is corroborated by the "Non-Borrower Signing Requirements Disclosure" dated February 26, 2010 (prepared by Bank of America representative Shakendra Reaves, Office #0006510, 2380 Performance Drive, Richardson, Texas 75082, Form 1E964-US 06/09), which appears in Plaintiff's closing packet and which independently confirms that a non-borrower was expected to sign mortgage-related documents at Plaintiff's closing. Plaintiff retains in her possession an original copy of said Non-Borrower Signing Requirements Disclosure. The submission of an altered Mortgage signature page by Defendant BoA, through its counsel Powers Kirn LLC, to this Court in support of the original foreclosure filing against Plaintiff constitutes: (a) document tampering in violation of 18 Pa.C.S. § 4101 (Pennsylvania forgery); (b) false bank entries in violation of 18 U.S.C. § 1005; (c) bank fraud in violation of 18 U.S.C. § 1344; (d) destruction or alteration of records in connection with judicial proceedings in violation of 18 U.S.C. § 1519; (e) obstruction of justice in violation of 18 U.S.C. § 1503; (f) violations of Pennsylvania Rules of Professional Conduct 3.3 (candor toward the tribunal), 3.4(b) (falsifying evidence), and 8.4(c) (dishonesty, fraud, deceit) by counsel for Defendant BoA; and (g) fraud on the Court under Pennsylvania common-law doctrine. Plaintiff further notes that on December 15, 2025, counsel for Defendant BoA (Powers Kirn LLC) filed in the prior proceeding a Motion to Vacate Judgment expressly stating at paragraph 10 that "Discovery is not requested," and that on December 16, 2025 the Court granted said motion and discontinued the foreclosure proceeding without prejudice, with the effect that no judicial examination of the altered Mortgage document was ever undertaken in the prior proceeding. Plaintiff reserves all rights to seek (a) forensic examination by a qualified questioned-document examiner of the original wet-ink Mortgage document held in

Defendants' possession; (b) sanctions for fraud on the Court, including the striking of any pleadings predicated on the altered document; (c) referral to the Pennsylvania Disciplinary Board with respect to counsel for Defendant BoA; and (d) referral to appropriate federal and state criminal authorities.

**COUNT I — ACTION TO QUIET TITLE (Pa.R.C.P. 1061)**

24.Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

25.The Disputed Lien claimed by Defendant BoA against the Property is invalid, void, and/or unenforceable for the reasons set forth above, including but not limited to: (a) the loan was transferred to Defendant BoA as owner in violation of CARES Act protections while Plaintiff was in active COVID-era deferment; (b) the underlying loan modification agreements were procured by duress and coercion; (c) Defendant BoA's own records reflect that the original obligation was marked satisfied, undermining the validity of the current lien claim; (d) Defendant BoA's escrow and account ledger is materially inaccurate, such that the debt amount secured by the claimed lien is not the lawful debt owed by Plaintiff; and (e) Defendants' chain of title and chain of assignment as to the mortgage are defective, including the MERS-to-BoA assignment of March 7, 2023 executed during Plaintiff's active COVID-era deferment.

26.The Disputed Lien constitutes a cloud on Plaintiff's title to the Property.

27.Plaintiff is entitled to an order of this Court determining the validity of Defendants' claimed interest in the Property and removing the cloud upon Plaintiff's title.

**RELIEF REQUESTED**

**WHEREFORE, Plaintiff Tiffany Ledonne respectfully requests that this Honorable Court enter an Order:**

A. Declaring the mortgage lien claimed by Defendant Bank of America, N.A. against 2655 Lower Way, Easton, Pennsylvania 18040, in connection with loan number 219643283, to be invalid, void, and/or unenforceable;

B. Quieting title to the Property in favor of Plaintiff and against all Defendants;

C. Directing Defendant Bank of America, N.A. to release, satisfy, and discharge of record any mortgage, lien, or encumbrance Defendant Bank of America claims against the Property; directing Defendant Mortgage Electronic Registration Systems, Inc. to execute any release, discharge, or correction of the chain of assignment as may be necessary to clear title; and directing Defendant Federal National Mortgage Association ("Fannie Mae") to disclaim, release, or otherwise resolve of record any interest it may claim in the underlying obligation or the Property;

D. Permitting Plaintiff to conduct discovery into Defendants' loan, escrow, payment, note transfer, assignment, securitization, modification, and insurance records, including but not limited to the original wet-ink promissory note, all endorsements and allonges, all Pooling and Servicing Agreements, all Note Sale Agreements, all Fannie Mae Mortgage Selling and Servicing Contract documents, and all mortgage insurance policy and claim records;

E. Reserving Plaintiff's right to seek sanctions for fraud on the Court, including the striking of any pleadings or defenses predicated on the altered 2010 Mortgage document referenced in this First Amended Complaint, and to seek referral to the Pennsylvania Disciplinary Board and to appropriate federal and state criminal authorities;

F. Granting such further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

Tiffany LeDonne, Pro Se

2655 Lower Way

Easton, PA 18040

(201) 600-9705

rntiff6@gmail.com

Date: ________________

## VERIFICATION

I, TIFFANY LEDONNE, verify that the statements made in the foregoing First Amended Complaint in Action to Quiet Title are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

______________________ Date: 5/20/26

Tiffany LeDonne, Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I, Tiffany LeDonne, hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing First Amended Complaint in Action to Quiet Title to be served upon the following parties by United States Certified Mail, Return Receipt Requested, postage prepaid, AND/OR via Sheriff service through the Northampton County Sheriff to the Dauphin County Sheriff for service upon the Defendants' respective Pennsylvania Registered Agents:

**Bank of America, N.A.**

c/o CT Corporation System, Pennsylvania Registered Agent for Service of Process

600 North 2nd Street, Suite 401

Harrisburg, PA 17101

— and —

**Bank of America, N.A.**

Mortgage Servicing Address

PO Box 961291

Fort Worth, TX 76161-0291

— and —

**Mortgage Electronic Registration Systems, Inc. (MERS)**

c/o Corporation Service Company, Pennsylvania Registered Agent for Service of Process

2595 Interstate Drive, Suite 103

Harrisburg, PA 17110

— and —

**Mortgage Electronic Registration Systems, Inc. (MERS)**

Principal Business Address

1818 Library Street, Suite 300

Reston, VA 20190

— and —

**Federal National Mortgage Association ("Fannie Mae")**

Principal Business Address

1100 15th Street NW

Washington, DC 20005

— and —

**Federal National Mortgage Association ("Fannie Mae")**

Consumer Resource Center

P.O. Box 650043

Dallas, TX 75265-0043

______________________ Date: 5/20/26

Tiffany LeDonne, Plaintiff Pro Se

# EXHIBIT LIST AND DISCOVERY FOLDER INDEX

**First Amended Complaint in Action to Quiet Title**

**LeDonne v. Bank of America, N.A., MERS, and Fannie Mae**

**No. C-48-CV-2026-04535 — Court of Common Pleas of Northampton County, PA**

This Exhibit List identifies (Part I) documents Plaintiff attaches to or files concurrently with her First Amended Complaint as foundational exhibits, and (Part II) documents Plaintiff retains in her possession and reserves for discovery and trial.

## PART I — EXHIBITS TO BE ATTACHED / FILED WITH THE FIRST AMENDED COMPLAINT

**EXHIBIT A.RECORDED DEED** — Indenture dated January 31, 2002 from Strausser Enterprises, Inc. to Tiffany Ledonne, recorded at Vol. 2002-1, Page 031196, Northampton County Recorder of Deeds. Tax Parcel K9 39A 47. Property: 2655 Lower Way, Forks Township / Easton, PA 18040. Establishes Plaintiff's ownership of the Property.

**EXHIBIT B.ORIGINAL MORTGAGE — CERTIFICATION PAGE** — Northampton County Recorder of Deeds Certification Page for Instrument No. 2010010357, recorded April 15, 2010 at 9:04:20 AM, Book 2010-1 Page 68801, 19 pages total. Mortgagor: LEDONNE, TIFFANY. Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS). Certified by Ann L. Achatz, Recorder of Deeds. Establishes MERS — NOT Bank of America — as original mortgagee.

**EXHIBIT C.ASSIGNMENT OF MORTGAGE — CERTIFICATION PAGE** — Northampton County Recorder of Deeds Certification Page for Instrument No. 2023004707, recorded March 7, 2023 at 9:37:37 AM, Book 2023-1 Page 40085, 4 pages total. Grantor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS). Grantee: BANK OF AMERICA, N.A. Customer: First American Mortgage Solutions — CFS. Certified by

Andrea F. Suter, Recorder of Deeds. Establishes the March 7, 2023 MERS-to-BoA assignment recorded during Plaintiff's COVID-era forbearance.

**EXHIBIT D.NON-BORROWER SIGNING REQUIREMENTS DISCLOSURE** — Bank of America Form 1E964-US 06/09, prepared 02/26/2010 by Shakendra Reaves, Office #0006510, 2380 Performance Drive, Richardson, TX 75082. Borrower: Tiffany Ledonne. Loan No. 219643283. Property: 2655 Lower Way, Easton, PA 18040-8707. This document confirms a "Non-Borrower" was expected to sign mortgage-related documents at Plaintiff's closing, corroborating the inference of an additional signature on the original Mortgage.

**EXHIBIT E.MORTGAGE SIGNATURE PAGE — TAMPERED COPY** — Photocopy of Page 16 of 17 of the Original 2010 Mortgage instrument (Form 3039 1/01, PENNSYLVANIA Single Family Fannie Mae/Freddie Mac UNIFORM INSTRUMENT (MERS)). This copy, filed with this Court by Bank of America through its counsel Powers Kirn LLC as part of the original foreclosure filing in C-48-CV-2024-04580, shows visible physical erasure marks beneath signature lines other than Plaintiff's, indicating that additional signature(s) were physically removed from the document prior to its submission to the Court. Plaintiff requests photographic enlargement and forensic examination of erasure marks.

**EXHIBIT F.FORENSIC DISCREPANCY SUMMARY** — Plaintiff's itemized comparison of (a) Defendant Bank of America's claimed loan accounting and (b) Plaintiff's documentary evidence, identifying material discrepancies in escrow balance, loan ownership/transfer, account access, Erie Insurance refunds, sheriff's sale threats, loan modification, satisfaction/lien status, IRS Form 1098 reporting, and downstream financial impact. Originally filed with Plaintiff's May 14, 2026 Complaint.

**EXHIBIT G.MERS SERVICER IDENTIFICATION SYSTEM LOOKUPS** — Independent MERS Servicer ID System lookups conducted by Plaintiff on May 28, 2025 and April 29, 2026, each of which identified Federal National Mortgage Association (Fannie Mae) as the Investor of Record on the subject loan. Establishes Fannie Mae as note holder.

**EXHIBIT H.BANK OF AMERICA CORRESPONDENCE — FANNIE MAE FLEX MODIFICATION ADMISSIONS** — Bank of America letters to Plaintiff dated August 29, 2025 and January 21, 2026, each expressly referencing the "Fannie Mae (FNMA) Flex

Modification" program as the framework for trial period plans and modification offers on the subject loan. Establishes BoA's admission that the loan is owned by Fannie Mae and serviced by BoA.

## PART II — DOCUMENTS RETAINED IN PLAINTIFF'S POSSESSION FOR DISCOVERY AND TRIAL

### A. ATTORNEY MALPRACTICE EVIDENCE — FORBES

— Complete Forbes client file produced in response to file-demand letter (May 2026)

— Forbes Motion to Enforce Settlement / Loan Modification Agreement, filed 11/30/2025 (PA R.Civ.P. 208.1) — INCOMPLETE COPY with pages 28-42 missing, duplicate paragraph numbering on page 2

— Forbes Verification Page, signed 11/30/25 under 18 Pa.C.S. § 4904, expressly characterizing matter as "Emergency"

— Email correspondence between Plaintiff (rntiff31@gmail.com) and Forbes (michael@mforbeslaw.com), including 4/16/2026 "FINAL ULTIMATUM" email + Forbes' 4/16/2026 refusal response + 4/22/2026 file-pickup demand

— Forbes website archive (mforbeslaw.com) — specialist-holdout marketing copy

### B. ATTORNEY MALPRACTICE EVIDENCE — SCHWARTZ

— Schwartz email correspondence ("a little rundown")

— Schwartz website archive (consumerlawpa.com) — specialist-holdout marketing copy

— Plaintiff's contemporaneous recollection of Schwartz "It's only $20,000" verbal dismissal

### C. POWERS KIRN LLC / FRAUD ON THE COURT

— Powers Kirn Motion to Vacate Judgment filed 12/15/2025 in C-48-CV-2024-04580, paragraph 10: "Discovery is not requested"

— Court Order of 12/16/2025 granting motion to vacate default judgment of $29,351.97, deeming mortgage "valid open and continuing"

— Default judgment of February 26, 2025 in the amount of $29,351.97 — never disclosed to Plaintiff during representation

## D. BANK OF AMERICA SERVICING RECORDS / MORTGAGE LEDGER

— Northampton County Index Report for 2655 Lower Way (pulled 4/21/2026 at 12:38 PM) showing full chain of title 2002-2026

— BoA Mortgage Ledger / Account Activity (multi-year, 29.5 MB document) showing $20,725.74 Non-Cash Principal Adjustment 12/08/2025, $7,000+ in "Funds received - unapplied" entries, $1,400 attorney/trustee fees, $442.50 property "preservation" fees, payment backdated 7/28/25 to APR-01-23

— BoA QWR responses dated 8/29/2025 and 1/21/2026

— BoA Monthly Statements (paper copies, multi-year, retained originals)

— BoA Cure Notice for $21,661.70 (the same approximate amount Schwartz dismissed as "only $20,000")

## E. ERIE INSURANCE / DUAL POLICY EVIDENCE

— Erie Insurance refund checks (3) totaling $4,975.00 — Check #3004951282 ($1,772.00, 02-07-2023); Check #3004971162 ($1,631.00, 02-16-2023); Check #3004971750 ($1,572.00, 02-16-2023)

— Plaintiff's February 2021 Erie insurance cancellation records

— BoA 1/12/2023 insurance double-payment letter

## F. BoA RETALIATION / FREEZE / CROSS-ACCOUNT EVIDENCE (May 2026)

— Merrill IRRA-Edge 53Z-79A12 "Closed account / Blocked account" screenshots ($938.34 frozen)

— Apple Pay decline notifications (3) on 5/9/2026 6:18-6:19 PM for transfers to Revolut ($370.49, $367.60, $298.05)

— BoA Card 1369 LOCKED notification (5/10/2026 1:25 AM)

— Ally auto-pay reversal notification (Subaru $567.64)

— Amazon "Payment revision needed" cascading order failures (5+)

— Plaid Revolut-BoA disconnect notification

— BoA $10 overdraft fee for 5/5 returned Ally electronic transaction

**G. JANUARY 2025 PAYOFF-TENDER REFUSAL (PA CURE-TENDER DOCTRINE)**

— Plaintiff's recollection of January 2025 BoA phone call attempting full payoff

— BoA's recorded telephone system records (subpoena target — BoA's own audio)

— Provident National Bank v. Rooklin (PA cure-tender doctrine)

**H. IRS / TAX EVIDENCE**

— IRS Form 1098 statements (years received) — incomplete record reflecting missing reports from BoA

— IRS late-filing penalty notices

— IRS Form 843 (Claim for Refund and Request for Abatement) — submitted to IRS by Plaintiff

— IRS Form 4506-T wage-and-income transcript request (pending)

**I. UTILITY ARREARS / FINANCIAL CASCADE**

— Met-Ed late-fee letters (~3 months in arrears notwithstanding scheduled BoA bill-pay)

— PPL / JCP&L late-fee letters (≥1 month)

— Sewer arrears (~$700)

— Plaintiff's BoA Bill Pay records showing scheduled $194.74 payments to MET-ED/JCP&L 1635

**J. CAREER SABOTAGE EVIDENCE (FCRA Furnisher Liability)**

— Plaintiff's Thanksgiving 2025 hire / one-week termination after BoA false credit reporting

— Employer's background check / termination records (subpoena target)

— BoA admission of false adverse credit reporting for November-December 2025 (per 1/21/2026 letter)

**K. PROPERTY DOCUMENTATION**

— Plaintiff's original closing packet from 2010 (includes Non-Borrower Signing Requirements Disclosure)

— Recorded Modification Instrument No. 2026002163, dated 1/27/2026, Book 2026-1, Page 19420

— Front-door replacement documentation from COVID period

**L. REGULATORY COMPLAINTS FILED**

— Sixth Qualified Written Request and Federal Discovery Package, mailed certified 5/5/2026

— Fannie Mae Escalation Letter, mailed certified 5/5/2026

— PA Disciplinary Board Preservation Notice, mailed certified 5/5/2026

— File-demand letters to Forbes + Schwartz, mailed certified 5/5/2026

— HUD complaint (housing.counseling@hud.gov), sent 5/10/2026

— NACA referral request (info@consumeradvocates.org), sent 5/9/2026

— Prior CFPB and PA AG complaints (history)

**M. POTENTIAL SECONDARY ACTIONS (Vista Estates HOA)**

— Vista Estates Homeowners Association v. LeDonne, Case No. C-48-CV-2023-001718, Northampton County (filed 3/17/2023). Service address on complaint: 2683 Lower Way (one digit off from Plaintiff's actual address 2655) — potential improper service / void judgment

## PART III — RESERVATION OF RIGHTS

Plaintiff reserves the right to (a) amend, supplement, or correct any item set forth in this Exhibit List upon further review of the records and through formal discovery against Defendants; (b) seek production of additional documents through Pa.R.C.P. discovery procedures; (c) issue subpoenas to non-party witnesses (including but not limited to Erie Insurance, Plaintiff's prior employer, Forbes Law, Consumer Law PA, Powers Kirn LLC, MERS, Fannie Mae, and BoA's mortgage insurance carriers); and (d) introduce additional exhibits at trial as warranted by the evidentiary record.

______________________ Date: 5/18/26

Tiffany Ledonne, Plaintiff Pro Se

# COUNTY OF NORTHAMPTON


RECORDER OF DEEDS
NORTHAMPTON COUNTY GOVERNMENT CENTER
669 WASHINGTON STREET
EASTON, PENNSYLVANIA 18042-7486
Area Code (610) 559-3077

Ann L. Achatz - Recorder
Andrea F. Suter - Lead Deputy
Dorothy J. Edelman - Deputy


Book - 2010-1 Starting Page - 68801
*Total Pages - 19

Instrument Number - 2010010357
Recorded On 4/15/2010 At 9:04:20 AM
* Instrument Type - MORTGAGE
Invoice Number - 645512
* Mortgagor - LEDONNE, TIFFANY
* Mortgagee - MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
User - BLM
* Customer - US RECORDINGS INC

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $23.50 |
| RECORDING FEES | $41.00 |
| AFFORDABLE HOUSING | $14.02 |
| AFFORDABLE HOUSING - ADMIN FEE | $2.48 |
| COUNTY RECORDS IMPROVEMENT FEE | $2.00 |
| DEEDS RECORDS IMPROVEMENT FEE | $3.00 |
| TOTAL PAID | $86.50 |

*RECORDED BY:
US RECORDINGS INC
2925 COUNTRY DRIVE
SUITE 201
SAINT PAUL, MN 55117-9969

I hereby CERTIFY that this document is recorded in the Recorder's Office Of Northampton County, Pennsylvania

Ann L. Achatz
Ann L. Achatz
Recorder of Deeds

THIS IS A CERTIFICATION PAGE

**Do Not Detach**

THIS PAGE IS NOW THE FIRST PAGE OF THIS LEGAL DOCUMENT

00856K

Book: 2010-1 Page: 68801

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

# COUNTY OF NORTHAMPTON

RECORDER OF DEEDS
NORTHAMPTON COUNTY GOVERNMENT CENTER
669 WASHINGTON STREET
EASTON, PENNSYLVANIA 18042-7486
Area Code (610) 829-6210

Andrea F. Suter - Recorder
Dorothy J. Edelman - Lead Deputy
Barbara L. Manieri - Deputy

Book - 2023-1 Starting Page - 40085
*Total Pages - 4

Instrument Number - 2023004707
Recorded On 3/7/2023 At 9:37:37 AM

NCGIS Registry UPI Certification
On March 7, 2023 By SRM

* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - [redacted]
* Grantor - MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
* Grantee - BANK OF AMERICA N A
User - MAHE
* Customer - FIRST AMERICAN MORTGAGE SOLUTIONS - CFS

| *FEES | |
|---|---|
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $40.25 |
| RECORDING FEES | $15.00 |
| COUNTY RECORDS IMPROVEMENT FEE | $2.00 |
| DEEDS RECORDS IMPROVEMENT FEE | $3.00 |
| UPI CERTIFICATION FEE | $10.00 |
| TOTAL PAID | $70.75 |

*RECORDED BY:
FIRST AMERICAN MORTGAGE SOLUTIONS - CFS

I hereby CERTIFY that this document is recorded in the Recorder's Office Of Northampton County, Pennsylvania

RECORDER OF DEEDS OF NORTHAMPTON COUNTY PENNSYLVANIA

Andrea F. Suter

Andrea F. Suter
Recorder of Deeds

THIS IS A CERTIFICATION PAGE

**Do Not Detach**

THIS PAGE IS NOW THE FIRST PAGE
OF THIS LEGAL DOCUMENT

[redacted]

Book: 2023-1 Page: 40085

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

Prepared by: SHAKENDRA REAVES

BANK OF AMERICA, N.A.

DATE: 02/26/2010
BORROWER: TIFFANY LEDONNE
CASE NO:
LOAN NO: 219643283
PROPERTY: 2655 LOWER WAY
EASTON, PA 18040-8707

Office #: 0006510
2380 PERFORMANCE DR.
RICHARDSON, TX 75082
Phone: (800)745-8644
Office Fax No.: (877)247-6872

# NON-BORROWER SIGNING REQUIREMENTS DISCLOSURE

**To: Borrower**

**DO NOT RELY ON ANY VERBAL REPRESENTATIONS MADE BY ANY PERSON INVOLVED IN YOUR LOAN TRANSACTION THAT CONFLICT WITH THE REQUIREMENTS STATED IN THIS DISCLOSURE. THOSE REPRESENTATIONS WILL NOT SUPERSEDE THE REQUIREMENTS STATED IN THIS DISCLOSURE.**

The purpose of this Disclosure is to inform you that, if a Non-Borrower has any interest in or rights to the property granted as security for repayment of the Borrower's loan, we may require the Non-Borrower to sign certain loan documents at closing.

"Borrower" is the person or persons who appear on the loan application and will sign the Note at closing.

"Non-Borrower" is a person who does not appear on the loan application and will not sign the Note at closing. The Non-Borrower may be a person on title to the Property, or a person not on title to the Property who is related to the Borrower by marriage or in a domestic partnership or civil union with the Borrower.

**Non-Borrower ON TITLE to the Property**

A Non-Borrower who is on title to the Property at closing will be required to sign the following documents:

- Deed of Trust or Mortgage, and all attached riders;
- Notice of Right to Cancel (if the loan transaction is rescindable);
- Truth-in-Lending Disclosure Statement (or Home Equity Line of Credit Non-Borrower Acknowledgment); and
- Name and Signature Affidavit.

By signing these documents, the Non-Borrower does not become obligated on the Note. Only persons who sign the Note will be obligated on the Note. By signing the Deed of Trust or Mortgage, the Non-Borrower pledges his or her interest in the Property as security for repayment of the Note. If the Borrower defaults on loan, the Property and the Non-Borrower's interest in the Property could be lost to foreclosure. Ask your loan specialist which loan documents, if any, the Non-Borrower will be required to sign at closing.

**Non-Borrower NOT ON TITLE to the Property**

A Non-Borrower who is not on title to the Property at closing may be required to sign certain loan documents, depending on the loan type and the laws of the state where the Property is located. If the Property is in a state that recognizes marital

property rights such as community property, homestead, or dower/curtesy or extends similar rights to domestic or civil union partners and common law, the Non-Borrower may be required to sign one or more of the following documents:

- Deed of Trust or Mortgage, and all attached riders;
- Notice of Right to Cancel (if the loan transaction is rescindable);
- Truth-in-Lending Disclosure Statement (or Home Equity Line of Credit Non-Borrower Acknowledgment); and
- Name and Signature Affidavit.

By signing these documents, the Non-Borrower does not become obligated on the Note. Only persons who sign the Note will be obligated on the Note. By signing the Deed of Trust or Mortgage, the Non-Borrower pledges his or her interest in the Property as security for repayment of the Note. If the Borrower defaults on loan, the Property and the Non-Borrower's interest in the Property could be lost to foreclosure. Ask your loan specialist which loan documents, if any, the Non-Borrower will be required to sign at closing. The signature of the Non-Borrower on the security instrument does not obligate the Non-Borrower to re-pay the debt.

A Non-Borrower who does not want to sign the loan documents shown above should seek the advice of legal counsel or a professional estate planner.

DOC ID [redacted]

27. **Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

______________________ (Seal)
TIFFANY LEDONNE -Borrower

______________________ (Seal)
-Borrower

______________________ (Seal)
-Borrower

______________________ (Seal)
-Borrower

EXHIBIT A

# FORENSIC DISCREPANCY SUMMARY

**Plaintiff: Tiffany Ledonne**

**Property: 2655 Lower Way, Easton, PA 18040**

**Loan No.: 219643283**

**Defendant: Bank of America, N.A.**

**Related Closed Matter: C-48-CV-2024-04580**

This Exhibit summarizes material discrepancies between Defendant Bank of America, N.A.'s claimed loan accounting and Plaintiff's documentary evidence in support of the accompanying Action to Quiet Title. The figures and events set forth below are submitted on the basis of documents in Plaintiff's possession and Plaintiff's personal knowledge, and are subject to verification, supplementation, and amendment upon discovery.

| Item / Event | What Defendant Claims | Plaintiff's Evidence |
|---|---|---|
| Escrow Balance (Pre-Deferment) | Defendant asserts an escrow shortage justifying placement of Plaintiff into deferment. | Defendant's own paper escrow statement issued to Plaintiff prior to deferment reflected an approximate $18,000.00 escrow overage. |
| Loan Ownership / Transfer (on or about March 23, 2023) | Defendant has at all times acted as authorized servicer and/or holder of the loan. | While Plaintiff was in active COVID-era deferment, Defendant caused the loan to be transferred from MERS such that Defendant became the owner — in apparent violation of CARES Act foreclosure protections then in effect. |
| Account Access During Transfer | Defendant's records were available to Plaintiff in the ordinary course. | Plaintiff's online account access was restricted, limited, or obscured during the relevant period, preventing Plaintiff from verifying activity occurring on the loan account. |
| Erie Insurance Refunds (February 2023) | Refunds were applied to Plaintiff's escrow account. | Three Erie Insurance Exchange checks totaling $4,975.00 (Check #3004951282 — $1,772.00 / 02-07-2023; Check #3004971162 — $1,631.00 / 02-16-2023; Check #3004971750 — $1,572.00 / 02-16-2023) were directed by Defendant to be endorsed over to Defendant; the application of these funds to Plaintiff's account is not verifiable from Defendant's records. |
| Sheriff's Sale Threats | Sale proceedings were properly noticed and lawful. | Plaintiff was repeatedly placed under threat of imminent sheriff's sale and coerced into successive |

| | | |
|---|---|---|
| | | loan modification ag- solely to halt sale of her home. |
| $48,000.00 Loan Modification | Agreement is a valid, enforceable modification of the loan obligation. | Modification first executed on or about 11/21/2025 under duress; re-executed on or about 02/06/2026; final modification document not delivered to Plaintiff until on or about 04/11/2026. Agreement procured by duress and coercion under threat of sheriff's sale; counsel who procured Plaintiff's signature subsequently abandoned the representation. |
| Satisfaction / Lien Status | Lien is valid, enforceable, and unsatisfied. | Defendant's documentation reflects that the underlying obligation was, at one point, marked 'satisfied.' Public court records do not reflect satisfaction, and on the next succeeding day a judgment was entered against Plaintiff — creating an internal inconsistency that goes to the validity of the current lien. |
| IRS Form 1098 Reporting | Mortgage interest reporting to Plaintiff and to the IRS has been accurate and complete. | Plaintiff did not receive Form 1098 mortgage interest statements from Defendant for relevant tax years, contributing to current IRS arrears notwithstanding Plaintiff's mortgage payments. Subject to verification via IRS Form 4506-T wage-and-income transcript request. |
| Downstream Financial Impact | Defendant's servicing actions did not cause Plaintiff harm beyond the loan account. | Plaintiff is presently in arrears on multiple essential utilities (Met-Ed approximately 3 months; PPL/JCP&L at least 1 month; sewer approximately $700), automobile financing, and federal income tax — a financial cascade traceable to Defendant's servicing conduct. |

**Plaintiff reserves the right to amend, supplement, or correct any item set forth in this Exhibit upon further review of the records and through formal discovery against Defendant.**

Tiffany Ledonne, Plaintiff Pro Se

Date: 5/14/2026

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**

TIFFANY LEDONE,
PLAINTIFF

vs.

BANK OF AMERICA

No. C-48-CV-2026-04535

FILED
2026 MAY 14 A 9:56
COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA

**ORDER OF COURT**

**AND NOW,** this 14th day of MAY, 2026 the within petition is hereby granted and the petitioner shall be allowed to proceed in forma pauperis.

BY THE COURT,

Judge

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA**

**CIVIL DIVISION**

| | | |
|---|---|---|
| TIFFANY LEDONNE, | : | |
| Plaintiff, | : | No. C-48-CV-2026-04535 |
| | : | |
| v. | : | **PETITION TO PROCEED** |
| | : | **IN FORMA PAUPERIS** |
| BANK OF AMERICA, N.A., | : | |
| Defendant. | : | |

FILED 2026 MAY 14 A 9:56 COURT OF COMMON PLEAS CIVIL DIVISION NORTHAMPTON COUNTY, PA

**PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff, Tiffany Ledonne, proceeding pro se, respectfully petitions this Honorable Court for leave to proceed in forma pauperis pursuant to Pa.R.C.P. 240, and in support thereof avers as follows:

**AVERMENTS**

1. Plaintiff is an adult individual residing at 2655 Lower Way, Easton, Pennsylvania 18040.

2. Plaintiff is unable to pay the costs and fees associated with this action, including the filing fees, due to her present financial condition.

3. Plaintiff is a Registered Nurse who has been unable to obtain employment in her profession due to circumstances arising from a background-check determination occurring in or about January 2026, and presently has limited income as a 1099 independent contractor.

4. Plaintiff is currently in arrears on multiple essential household obligations, including but not limited to: (a) electric utility (Met-Ed) — approximately three months past due; (b) electric/utility (PPL/JCP&L) — at least one month past due, with a negative statement balance; (c) sewer/municipal utility — approximately $700.00 past due; (d) automobile financing — payments retracted, currently in arrears; and (e) federal income tax obligations to the Internal Revenue Service arising in part from Defendant's failure to issue accurate IRS Form 1098 mortgage interest statements to Plaintiff.

5. Plaintiff's current income is insufficient to provide for her basic household necessities, let alone the costs of this litigation.

6. Plaintiff has no significant liquid assets, savings, or investments from which the costs of this action could be paid.

7. This action is brought in good faith and not for any improper purpose. Plaintiff has set forth a legitimate Action to Quiet Title concerning the real property at 2655 Lower Way, Easton, Pennsylvania 18040, and her ability to access this Court should not be foreclosed by her inability to pay filing fees.

8. In support of this Petition, Plaintiff submits a verified Income and Expense Statement, attached hereto and incorporated herein.

**RELIEF REQUESTED**

**WHEREFORE, Plaintiff Tiffany Ledonne respectfully requests that this Honorable Court enter an Order:**

A. Granting Plaintiff leave to proceed in this action in forma pauperis;

B. Waiving all filing fees, service fees, and other costs ordinarily required for the commencement and prosecution of this action;

C. Directing the Sheriff of Northampton County, or other proper officer, to serve process upon the Defendant without prepayment of fees; and

D. Granting such further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

Tiffany Ledonne, Pro Se
2655 Lower Way
Easton, PA 18040

Date: 5/14/2026

**VERIFIED INCOME AND EXPENSE STATEMENT**

I, TIFFANY LEDONNE, submit the following Verified Income and Expense Statement in support of my Petition to Proceed In Forma Pauperis:

**MONTHLY INCOME:**

| Source | Amount |
|---|---|
| 1099 Independent Contractor Nursing Income (variable, intermittent) | $ 800 |
| Mercari / Poshmark / Depop Resale Income (variable) | $ 200 |
| Other Income | $ 0 |
| **TOTAL MONTHLY INCOME** | $ 1000 |

**MONTHLY EXPENSES:**

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA

CIVIL DIVISION

TIFFANY LEDONNE, Plaintiff, : No. C-48-CV-2026-04535

v. : SWORN STATEMENT OF FINANCIAL HARDSHIP IN SUPPORT OF IFP PETITION

BANK OF AMERICA, N.A., Defendant. :

FILED 2026 MAY 4 A 9:56 COURT OF COMMON PLEAS CIVIL DIVISION NORTHAMPTON COUNTY, PA

## SWORN STATEMENT OF FINANCIAL HARDSHIP

I, TIFFANY LEDONNE, being duly sworn according to law, depose and say as follows:

**PERSONAL AND EMPLOYMENT STATUS**

1. I am the Plaintiff in the above-captioned action and submit this Sworn Statement in support of my Petition to Proceed In Forma Pauperis.

2. I am a Registered Nurse with approximately 30 years of clinical experience in emergency, hospice, and IVIG nursing care.

3. Despite my professional qualifications, I have been unable to secure employment as a Registered Nurse due to circumstances arising from a background-check determination occurring in or about January 2026.

4. My present income is limited to intermittent and variable 1099 independent contractor work and small resale activity, which is insufficient to meet my essential household obligations.

**CURRENT ARREARS ON ESSENTIAL OBLIGATIONS**

5. I am currently in arrears on multiple essential household, utility, and tax obligations, including but not limited to the following:

| Account / Obligation | Approx. Months Behind | Approx. Amount Past Due | Supporting Document Attached? |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Met-Ed (Electric) | 3 months | $ [illegible] | [X] Yes [ ] No |
| PPL / JCP&L (Electric / Utility) | 1+ month | $ 565.38 (negative statement) | [ ] Yes [ ] No (crossed through) |
| Sewer / Municipal Utility | Multiple | Approximately ~~$700.00~~ 787.49 | [X] Yes [ ] No |
| Automobile Financing (Ally) | 1+ month — payment retracted | $ 567.64 | [X] Yes [ ] No |
| Automobile Insurance | 2025 Due 6/16 | $ 1179.48 | [X] Yes [ ] No |
| Internal Revenue Service (Federal Tax) | Multiple tax years | $ 900.? | [X] Yes [ ] No |
| Other: ATT. | ________ | $ 156.65 | [X] Yes [ ] No |
| Other: Dropped insurance | 0 | $ None | [ ] Yes [ ] No (crossed through) |

(Checking Acct. 25.00

**INCOME**

6. My approximate gross monthly income, from all sources combined, is approximately $2200.00 per month, which fluctuates significantly month to month due to the intermittent nature of 1099 contract work.

7. I have no salaried employment, no employer-provided benefits, no employer-paid health insurance, no paid leave, and no guaranteed minimum compensation.

**ASSETS**

8. I have no significant liquid assets, savings, retirement accounts, or investments from which the costs of this action could reasonably be paid.

9. My present checking account balance is approximately $25.00 as of the date of this Statement.

BOA Locked
BOA Merrill Stolen.

10. I own no real property other than the residence which is the subject of this litigation, the title to which is itself in dispute.

**THE IRS ISSUE**

11. I am presently in arrears with the Internal Revenue Service. Upon information and belief, this arrears arises in material part from Defendant Bank of America, N.A.'s failure to issue accurate IRS Form 1098 mortgage interest statements to me for one or more relevant tax years, which prevented me from claiming mortgage interest deductions to which I would otherwise have been entitled.

12. I am pursuing wage-and-income transcript records from the IRS via Form 4506-T to verify what mortgage interest reporting, if any, Defendant made on my behalf, but in the meantime this contributes to my present inability to pay litigation costs.

**BACKGROUND CHECK CIRCUMSTANCES**

13. In or about January 2026, I was released from a nursing position following a background-check determination. The financial consequences of that release — including loss of income, loss of access to clinical assignments, and the resulting cascade of overdue obligations — have severely impaired my ability to pay litigation costs.

CONCLUSION

14. I am unable to pay the costs and fees ordinarily required to commence and prosecute this action, including filing fees, service-of-process fees, and any other costs associated with the proceedings, without depriving myself and my household of essentials.

15. Denial of in forma pauperis status would, as a practical matter, foreclose my ability to access this Court to defend my interest in my own home, on which Defendant has placed a disputed lien.

16. I submit this Sworn Statement, together with my Petition for Leave to Proceed In Forma Pauperis and the Verified Income and Expense Statement attached thereto, in good faith and respectfully request that the Court grant me leave to proceed in forma pauperis.

Respectfully submitted,

Tiffany Ledonne, Plaintiff Pro Se
Date: 5/14/2026

**VERIFICATION**

I, TIFFANY LEDONNE, verify that the statements made in the foregoing Sworn Statement of Financial Hardship are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Tiffany Ledonne, Plaintiff Pro Se

Date: 5/14/2026

**ATTACHED SUPPORTING DOCUMENTATION**

The following documents are attached hereto and incorporated herein by reference in support of the Sworn Statement of Financial Hardship and the Petition to Proceed In Forma Pauperis. Plaintiff will check the box next to each document actually attached at the time of filing:

[X] Exhibit 1 — Met-Ed (Electric) past-due notice or statement

[X] Exhibit 2 — PPL / JCP&L past-due notice or negative balance statement

[X] Exhibit 3 — Sewer / Municipal Utility past-due notice

[X] Exhibit 4 — Ally Financial (or other auto lender) arrears notice / payment retraction notice

[X] Exhibit 5 — Automobile Insurance past-due notice (if applicable) 2025 statement

| Expense | Amount |
|---|---|
| Mortgage / Housing | $ 500 month tax insurance |
| Electric (Met-Ed) — approximately 3 months in arrears | $ 176 |
| Electric / Utility (PPL / JCP&L) 2 in arrears | $ 156 |
| Sewer / Municipal Utility — approximately $700 in arrears | $ ~~300~~ 100. |
| Water + Sewer utilities ⊖ → | $ 400 need [illegible] |
| Gas / Heating Fuel | 251 -50 |
| Automobile Payment (currently retracted / in arrears) ⊖ | $1200.00 |
| Automobile Insurance Due 12/2 | $ 0 paid |
| Health Insurance Dropped NONE | $ NA |
| Food / Groceries | $ 250 |
| Telephone / Internet | $ 58 |
| Medical / Prescriptions Cannot afford | $ N/A |
| IRS Tax Obligation (arrears) go 7 — | $ need to call |
| Other Necessary Expenses Work — | $ 150. parking + tolls 150. |
| **TOTAL MONTHLY EXPENSES** | $2340.00 |

**ASSETS:**

| Asset | Value |
|---|---|
| Cash on Hand | $ 600. |
| Checking Account Balance | $ none — cannot access |
| Savings Account Balance | $ none just opened new. |
| Other Liquid Assets | $ none |

**VERIFICATION**

I, TIFFANY LEDONNE, verify that the statements made in the foregoing Petition for Leave to Proceed In Forma Pauperis and accompanying Verified Income and Expense Statement are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

[signature]
Tiffany Ledonne, Petitioner Pro Se

Date: 5/14/2026

[ ] Exhibit 6 — IRS notice of balance due / collection notice

[ ] Exhibit 7 — Current checking account statement showing balance

[ ] Exhibit 8 — Background-check release documentation from prior employer (if available and non-confidential) N/A

[ ] Exhibit 9 — Most recent 1099 income documentation (if any) not @ this time

[X] Exhibit 10 — Other: Payments - On hold Bank due to BOA issues. Update checking acct this month

**Plaintiff respectfully requests leave to supplement this submission with additional documentation as it becomes available.**

**RECORDING REQUESTED BY AND RETURN TO:**

Tiffany Ledonne

2655 Lower Way

Easton, PA 18040

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA**

**CIVIL DIVISION**

| | | |
|---|---|---|
| TIFFANY LEDONNE, Plaintiff, | : | No. C-48-CV-2026-04535 |
| v. | : | **NOTICE OF LIS PENDENS** |
| BANK OF AMERICA, N.A., Defendant. | : | |

FILED 2026 MAY 14 A 9: 56 COURT OF COMMON PLEAS CIVIL DIVISION NORTHAMPTON COUNTY, PA

**~~NOTICE~~ Praecipe OF LIS PENDENS**

NOTICE IS HEREBY GIVEN, pursuant to 42 Pa.C.S. § 4302 and applicable Pennsylvania law governing the recording of notice of pending actions affecting real property, that the above-captioned Action to Quiet Title is pending in the Court of Common Pleas of Northampton County, Pennsylvania, Civil Division, between the parties named above.

1. Plaintiff in the above-captioned action is Tiffany Ledonne, residing at 2655 Lower Way, Easton, Pennsylvania 18040.
2. Defendant in the above-captioned action is Bank of America, N.A.
3. The action is an Action to Quiet Title filed pursuant to Pennsylvania Rule of Civil Procedure 1061, in which Plaintiff seeks a declaration that the mortgage lien claimed by Defendant against the real property described below is invalid, void, and/or unenforceable, and seeks an order quieting title to said real property in favor of Plaintiff.
4. The real property which is the subject of the above-captioned action is more particularly described as follows:

**Street Address: 2655 Lower Way, Easton, Pennsylvania 18040**

**Tax Parcel No.:** K9 39A 47

Deed Reference: Recorded in the Office of the Recorder of Deeds of Northampton County, Pennsylvania, in Deed Book 1998, Page 24 or Instrument No.
LOT THE 191

**Legal Description (insert from deed or attach as Schedule A):**

ALL THAT CERTAIN lot or piece of ground situate in Township of Forks County of Northampton, Commonwealth of Pennsylvania, [insert full legal description from deed of record, or check the box below and attach Schedule A]:

[ ] Full legal description attached hereto as Schedule A and incorporated herein by reference.

5. The above-captioned action affects title to, and the validity of liens upon, the real property described herein. Defendant Bank of America, N.A. claims a mortgage lien against said property in connection with loan number 219643283, the validity and enforceability of which is the subject of the above-captioned action.

6. Any person who, after the date of recording of this Notice of Lis Pendens, acquires any interest in the real property described herein, takes such interest subject to the outcome of the above-captioned action and to any judgment, order, or decree entered therein.

7. This Notice of Lis Pendens shall remain of record until the above-captioned action is finally determined, dismissed, or this Notice is otherwise discharged or released of record by order of the Court or by written instrument executed by Plaintiff and recorded in the Office of the Recorder of Deeds of Northampton County, Pennsylvania.

Respectfully submitted,

[signature]

Tiffany Ledonne, Pro Se
2655 Lower Way
Easton, PA 18040

Date: 5/14/2026

**VERIFICATION**

I, TIFFANY LEDONNE, verify that the statements made in the foregoing Notice of Lis Pendens are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

[signature]
Tiffany Ledonne, Plaintiff Pro Se

Date: 5/14/2026

**ACKNOWLEDGMENT**

Commonwealth of Pennsylvania )

) ss

County of Northampton )

On this 14 day of May, 2025, before me, the undersigned officer, personally appeared TIFFANY LEDONNE, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

______________________

Notary Public

My Commission Expires: ______________

**(NOTARY SEAL)**

Exhibit A

## *DEED*

**THIS INDENTURE**, made the 31st day of January in the year of our Lord two thousand and two (2002).

**BETWEEN STRAUSSER ENTERPRISES, INC.**, a Pennsylvania corporation with offices located at 604 Village at Stones Crossing, Easton, Pennsylvania, hereinafter called the **GRANTOR"**, party of the first part; and **TIFFANY LEDONNE,** now of Forks Township, Northampton County, Pennsylvania, hereinafter called the **"GRANTEES"**, parties of the second part:

**WITNESSETH,** That the said party of the first part, for and in the sum of **ONE HUNDRED NINETEEN THOUSAND NINE HUNDRED ($119,900.00) DOLLARS** and other good and lawful consideration lawful money of the United States of America, well and truly paid by the said parties of the second part to the said party of the first part, at and before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed and by these presents does grant, bargain, sell, alien, enfeoff, release, convey and confirm unto the said parties of the second part, their heirs and assigns.

**ALL THAT CERTAIN PIECE,** parcel or tract of land situate in the Township of Forks, County of Northampton, and Commonwealth of Pennsylvania shown as Lot TH E191 on the Final Plan of Vista Estates as recorded in Map Book 1998-5, Page 340 in the Office of the Recorder of Deeds for Northampton County at Easton, Pennsylvania and.being further bounded and described as follows, to wit:

Beginning at a point on the easterly right-of-way line of Lower Way (50.00 feet wide) at the northwest corner of Lot TH E190 of Vista Estates;

thence along said easterly right-of-way line of Lower Way (50 feet wide) along the arc of a curve deflecting to the left having a radius of 175.00 feet and central angle of 20°-23'-36" for an arc length of 62.29 feet (chord: North 06°-41'-49" East 61.96 feet) to a concrete monument at a corner of Lot TH E192 of Vista Estates;

thence along said lands of Lot TH E192 of Vista Estates North 86°-30'-01" East 120.00 feet to a point;

thence South 03°-29'-59" East 109.67 feet to a point at a corner of Lot SF E89 of Vista Estates;

thence along said lands of Lot SF E89 and also along lands of Lot TH E190 both of Vista Estates North 73°-06'-23" West 139.73 feet to a point, the place of the Beginning.

Containing 10,726.15 square feet.

Said lot being subject to any and all drainage and utility easements as shown on the final recorded plan.

TAX IDENTIFICATION NUMBER – K9 39A 47

Under and subject to Deed Restrictions attached hereto and made a part hereof.

6. This Declaration shall be recorded in the Northampton County Office of the Recorder of Deeds.

11-16-98
DATE

BY: [signature]
GARY STRAUSSER, President
STRAUSSER ENTERPRISES, INC.



VOL: 1998-1
PAGE:
161396

VOL 1998-1
PAGE:
157972

# EXHIBIT A

## FORENSIC DISCREPANCY SUMMARY

**Plaintiff: Tiffany Ledonne**

**Property: 2655 Lower Way, Easton, PA 18040**

**Loan No.: 219643283**

**Defendant: Bank of America, N.A.**

**Related Closed Matter: C-48-CV-2024-04580**

This Exhibit summarizes material discrepancies between Defendant Bank of America, N.A.'s claimed loan accounting and Plaintiff's documentary evidence in support of the accompanying Action to Quiet Title. The figures and events set forth below are submitted on the basis of documents in Plaintiff's possession and Plaintiff's personal knowledge, and are subject to verification, supplementation, and amendment upon discovery.

| Item / Event | What Defendant Claims | Plaintiff's Evidence |
|---|---|---|
| Escrow Balance (Pre-Deferment) | Defendant asserts an escrow shortage justifying placement of Plaintiff into deferment. | Defendant's own paper escrow statement issued to Plaintiff prior to deferment reflected an approximate $18,000.00 escrow overage. |
| Loan Ownership / Transfer (on or about March 23, 2023) | Defendant has at all times acted as authorized servicer and/or holder of the loan. | While Plaintiff was in active COVID-era deferment, Defendant caused the loan to be transferred from MERS such that Defendant became the owner — in apparent violation of CARES Act foreclosure protections then in effect. |
| Account Access During Transfer | Defendant's records were available to Plaintiff in the ordinary course. | Plaintiff's online account access was restricted, limited, or obscured during the relevant period, preventing Plaintiff from verifying activity occurring on the loan account. |
| Erie Insurance Refunds (February 2023) | Refunds were applied to Plaintiff's escrow account. | Three Erie Insurance Exchange checks totaling $4,975.00 (Check #3004951282 — $1,772.00 / 02-07-2023; Check #3004971162 — $1,631.00 / 02-16-2023; Check #3004971750 — $1,572.00 / 02-16-2023) were directed by Defendant to be endorsed over to Defendant; the application of these funds to Plaintiff's account is not verifiable from Defendant's records. |
| Sheriff's Sale Threats | Sale proceedings were properly noticed and lawful. | Plaintiff was repeatedly placed under threat of imminent sheriff's sale and coerced into successive |

| | | |
|---|---|---|
| | | loan modification agreements solely to halt sale of her home. |
| $48,000.00 Loan Modification | Agreement is a valid, enforceable modification of the loan obligation. | Modification first executed on or about 11/21/2025 under duress; re-executed on or about 02/06/2026; final modification document not delivered to Plaintiff until on or about 04/11/2026. Agreement procured by duress and coercion under threat of sheriff's sale; counsel who procured Plaintiff's signature subsequently abandoned the representation. |
| Satisfaction / Lien Status | Lien is valid, enforceable, and unsatisfied. | Defendant's documentation reflects that the underlying obligation was, at one point, marked 'satisfied.' Public court records do not reflect satisfaction, and on the next succeeding day a judgment was entered against Plaintiff — creating an internal inconsistency that goes to the validity of the current lien. |
| IRS Form 1098 Reporting | Mortgage interest reporting to Plaintiff and to the IRS has been accurate and complete. | Plaintiff did not receive Form 1098 mortgage interest statements from Defendant for relevant tax years, contributing to current IRS arrears notwithstanding Plaintiff's mortgage payments. Subject to verification via IRS Form 4506-T wage-and-income transcript request. |
| Downstream Financial Impact | Defendant's servicing actions did not cause Plaintiff harm beyond the loan account. | Plaintiff is presently in arrears on multiple essential utilities (Met-Ed approximately 3 months; PPL/JCP&L at least 1 month; sewer approximately $700), automobile financing, and federal income tax — a financial cascade traceable to Defendant's servicing conduct. |

**Plaintiff reserves the right to amend, supplement, or correct any item set forth in this Exhibit upon further review of the records and through formal discovery against Defendant.**

Tiffany Ledonne, Plaintiff Pro Se

Date: 5/14/2026

☒ SHERIFF TO SERVE
☐ FILE ONLY

EO Die Exit

IFP

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA**

**CIVIL DIVISION**

TIFFANY LEDONNE, :

Plaintiff, : No. C-48-CV-2026- 04535

:

v. : **ACTION TO QUIET TITLE**

:

BANK OF AMERICA, N.A., : **FILED PRO SE**

Defendant. :

FILED
2026 MAY 14 A 9: 56
COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Northampton County Bar Association

Lawyer Referral Service

155 South 9th Street

Easton, PA 18042

<u>(610) 258-6333</u>

C-48-CV-2026-04535

**COMPLAINT IN ACTION TO QUIET TITLE**

Plaintiff, Tiffany Ledonne, proceeding pro se, brings this Action to Quiet Title against Defendant Bank of America, N.A., and in support thereof states as follows:

**PARTIES**

1. Plaintiff, Tiffany Ledonne, is an adult individual residing at 2655 Lower Way, Easton, Pennsylvania 18040, and is the record owner of the real property which is the subject of this action.

2. Defendant, Bank of America, N.A. ("BoA"), is a national banking association with a mailing address for mortgage servicing of PO Box 961291, Fort Worth, TX 76161-0291, that has at all times relevant to this action acted as mortgage servicer and/or claimed lienholder on the subject property.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 42 Pa.C.S. § 931 and Pennsylvania Rule of Civil Procedure 1061, as this is an action to quiet title to real property situated in Northampton County, Pennsylvania.

4. Venue is proper in Northampton County pursuant to Pa.R.C.P. 1006(a)(2), as the real property at issue is located within this County.

**THE SUBJECT PROPERTY**

5. The real property which is the subject of this action is located at 2655 Lower Way, Easton, Pennsylvania 18040 (the "Property").

6. Plaintiff is the lawful record owner of the Property.

FILED
2026 MAY 14 A 9:56
COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA

7. Defendant Bank of America claims, or has caused to be recorded, a mortgage lien against the Property in connection with loan number 219643283 (the "Disputed Lien").

**FACTUAL BACKGROUND**

8. In or around 2020, during the COVID-19 pandemic, Plaintiff was placed into a mortgage payment deferment/forbearance arrangement with Defendant under representations that the deferment was protective relief, that no new loan would be created, and that the deferred amounts would function similar to a deferred student-loan-type balance rather than a new lending obligation.

9. During the period Plaintiff was in active COVID-related deferment/forbearance, federal protections, including those arising under the CARES Act and applicable federal mortgage-servicing guidance, prohibited Defendant from initiating or advancing foreclosure proceedings against Plaintiff.

10. Notwithstanding such protections, on or about March 23, 2023, while Plaintiff remained under active COVID-era deferment status, Defendant caused the subject loan to be transferred and/or assigned from MERS (Mortgage Electronic Registration Systems, Inc.) such that Defendant became, or claimed to become, the owner of the loan rather

than solely the servicer thereof.

11. The transfer of ownership of the loan to Defendant, executed while Plaintiff was in protected deferment status, was not properly disclosed to Plaintiff. During relevant periods, Plaintiff's online account access was restricted, limited, or obscured such that Plaintiff could not view or verify the activity occurring on the loan account.

12. Simultaneously and/or in the period contemporaneous with said transfer, Defendant initiated, advanced, or continued foreclosure-related activity against the Property in violation of the deferment protections then in effect.

13. Plaintiff is informed and believes, and on that basis avers, that Defendant's escrow accounting in connection with the loan is materially incorrect, including but not limited to: (a) a paper escrow statement issued by Defendant prior to the deferment reflecting an approximate $18,000.00 escrow overage which is not reflected in Defendant's current online records; (b) unapplied or misapplied funds, including three insurance refund checks from Erie Insurance Exchange totaling $4,975.00 issued in February 2023, which Defendant directed Plaintiff to endorse and remit to Defendant, and the application of which to Plaintiff's account cannot be verified from Defendant's records.

14. Plaintiff was repeatedly placed under the threat of sheriff's sale of the Property, and on multiple occasions was coerced into executing loan modification agreements under duress in order to halt imminent sheriff's sale. The most recent such agreement was a loan modification agreement in the approximate amount of $48,000.00 first executed on or about November 21, 2025, re-executed on or about February 6, 2026, with the final modification document not delivered to Plaintiff until on or about April 11, 2026.

15. Plaintiff at no time wished to enter into any new loan obligation, and executed each modification agreement solely under duress and coercion arising from the threat of imminent sheriff's sale of her home, and in reliance on representations of counsel who subsequently abandoned Plaintiff.

16. Defendant's records reflect internally inconsistent statements regarding the status of the loan, including documentation indicating that the underlying obligation was at one point marked "satisfied," while public court records simultaneously do not reflect such satisfaction and reflect, on the next succeeding day, the entry of a judgment against Plaintiff.

17. Plaintiff was previously a party to litigation concerning the subject loan and Property in this Court, captioned at Case No. C-48-CV-2024-04580, in which Plaintiff was poorly represented, did not have a meaningful opportunity to be heard on the merits of the servicing irregularities described herein, and which has since been closed without adjudication of the matters set forth in this Complaint.

## COUNT I – ACTION TO QUIET TITLE (Pa.R.C.P. 1061)

18. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

19. The Disputed Lien claimed by Defendant against the Property is invalid, void, and/or unenforceable for the reasons set forth above, including but not limited to: (a) the loan was transferred to Defendant as owner in violation of CARES Act protections while Plaintiff was in active COVID-era deferment; (b) the underlying loan modification agreements were procured by duress and coercion; (c) Defendant's own records reflect

that the original obligation was marked satisfied, undermining the validity of the current lien claim; (d) Defendant's escrow and account ledger is materially inaccurate, such that the debt amount secured by the claimed lien is not the lawful debt owed by Plaintiff; and (e) Defendant's chain of title and chain of assignment as to the mortgage are defective.

20. The Disputed Lien constitutes a cloud on Plaintiff's title to the Property.

21. Plaintiff is entitled to an order of this Court determining the validity of Defendant's claimed interest in the Property and removing the cloud upon Plaintiff's title.

**RELIEF REQUESTED**

**WHEREFORE, Plaintiff Tiffany Ledonne respectfully requests that this Honorable Court enter an Order:**

A. Declaring the mortgage lien claimed by Defendant Bank of America, N.A. against 2655 Lower Way, Easton, Pennsylvania 18040, in connection with loan number 219643283, to be invalid, void, and/or unenforceable;

B. Quieting title to the Property in favor of Plaintiff and against Defendant;

C. Directing Defendant to release, satisfy, and discharge of record any mortgage, lien, or encumbrance Defendant claims against the Property;

D. Permitting Plaintiff to conduct discovery into Defendant's loan, escrow, payment, assignment, and modification records;

E. Granting such further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

[signature]
Tiffany Ledonne, Pro Se
2655 Lower Way
Easton, PA 18040

Date: 5/14/2026

**VERIFICATION**

I, TIFFANY LEDONNE, verify that the statements made in the foregoing Complaint in Action to Quiet Title are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

[signature]
Tiffany Ledonne, Plaintiff Pro Se

Date: 5/14/2026

**CERTIFICATE OF SERVICE**

I, Tiffany Ledonne, hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Complaint in Action to Quiet Title to be served upon the following party by first-class United States mail, postage prepaid:

Bank of America, N.A.

c/o Registered Agent for Service of Process in Pennsylvania

[insert current Pennsylvania registered agent address — verify via PA Department of State]

— and —

Bank of America, N.A.

PO Box 961291

Fort Worth, TX 76161-0291

Tiffany Ledonne, Pro Se

Date: 5/14/2026

State Farm Insurance
PO Box 2356
Bloomington IL 61702-2356

State Farm

: 8970 E-INSPROOF
13- 1150-
HO - HOMEOWNERS

AT1 008473 3153-05
LEDONNE, TIFFANY
2655 LOWER WAY
EASTON PA 18040-8707

ST-0101-0000

April 24, 2026

Policy Number: 38-EY-B802-5
Policy Type: Homeowners Policy
Location: 2655 Lower Way
Easton PA
18040-8707

We received your request for verification of insurance and loss information for your policy.

As of April 23, 2026, State Farm Fire and Casualty Company has provided insurance coverage since 2020.

Our records show there have been no claims submitted in the past five years of the policy coverage period.

If you have any questions, please call your State Farm agent, Sean O'donnell at (610) 264-1000.

cc: Sean O'donnell 1150-38

# BoA FORENSIC AUDIT — Account 8908 — Dec 2025 to April 2026

Prepared from BoA eStatements for Acct # 0036 1355 8908 (Adv Plus Banking)

MONTHLY BALANCE TRACKING

| ient Pe | Beg Balance | Deposits | Withdrawals | Service Fees | End Balance |
|---|---|---|---|---|---|
| 11/26/2 | $0.00 | $3,613.10 | [RED]($3,320.65) | [RED]($10.00) | $282.45 |
| 12/30/2 | $282.45 | $1,515.77 | [RED]($1,995.46) | [RED]($20.00) | [RED]($217.24) |
| 1/29/26 | [RED]($217.24) | $1,513.95 | [RED]($1,538.14) | [RED]($30.00) | [RED]($271.43) |
| 2/26/26 | [RED]($271.43) | $3,416.75 | [RED]($3,523.56) | [RED]($10.00) | [RED]($388.24) |
| 3/28/26 | [RED]($388.24) | $2,139.36 | [RED]($1,717.90) | [RED]($2.50) | $30.72 |
| TOTALS | | $12,198.93 | [RED]($12,095.71) | [RED]($72.50) | |

## KEY FINDINGS — UNACCOUNTED / SUSPICIOUS ACTIVITY

| | | |
|---|---|---|
| 1. | TRANSFERS BETWEEN 8908 ↔ 9961 — UNCONFIRMED FROM 9961 SIDE | $677.26 total moved INTO 8908 from 9961 via 'OVERDRAFT PROTECTION'. Plus $264.46 moved OUT to 9961. Need 9961 statements to confirm offsetting entries. ⚠ This is exactly the inter-account flow you flagged. |
| 2. | MORTGAGE PAYMENT TO BoA — $1,408.08 on 3/02/26 | Single mortgage payment in entire 5-month window. Description: 'Loan Payment Confirmation# xhtgtt08'. Cross-check vs BoA mortgage ledger which shows $1,408.08 received 3/2/26 — MATCHES. |
| 3. | JCP&L — REPEATED ATTEMPTS / RETURNS PATTERN | Same $194.74 utility payment debited and returned MULTIPLE times: 12/1/25, 12/29/25, 1/26/26, 1/28/26 (NSF), 2/23/26, 2/25/26 (NSF), 3/23/26. Each NSF creates another return cycle. Net effect: confusing ledger, hard to track if any paid through. |
| 4. | $1,500 REVOLUT DEPOSIT 3/02/26 → $900 BACK TO REVOLUT 3/19/26 | $1,500 came IN from Revolut on 3/2/26 (same day as mortgage payment). $900 went BACK to Revolut on 3/19/26. Net: $600 in. Mortgage paid $1,408.08. Question: where did the OTHER $808 of mortgage funding come from? |
| 5. | RETURN-DEPOSIT PATTERN — THE EXACT THING YOU DESCRIBED | Statements show many 'RETURN OF POSTED CHECK / ITEM' deposits — these are BoA reversing previously-debited transactions back into the account. Examples:<br>• 1/20/26: +$200 returned<br>• 1/27/26: $194.74 + $39.67 + $34 + $22.90 ALL returned same day<br>• 2/18/26: +$200 + $68 returned<br>• 2/25/26: +$200 + $68 returned (then 2/24 RETRIED them = ANOTHER negative)<br>Net pattern: same money 'paid' then 'returned' then 'retried' — creating phantom activity. |
| 6. | OVERDRAFT FEES | $70 in overdraft fees across the 5 months ($10 + $20 + $30 + $10 + $0 = $70). All triggered by the NSF/return cycle above. |

## RETURN-OF-POSTED-CHECK PATTERN — The 'Phantom Activity' Cycle

BoA debits payment → marks NSF → returns funds → you retry → returns again. Each cycle generates fees. This is what makes the ledger hard to read.

| Original Debit | Date | Return Date | Amount | Notes |
|---|---|---|---|---|
| PayPal 1047621516155 | 1/16/26 | 1/20/26 | $200.00 | Initial debit returned |
| PayPal Papa John's | 1/20/26 | 1/21/26 | $39.87 | Initial debit returned |
| PayPal ShopGoodwill | 1/21/26 | 1/22/26 | $101.00 | Initial debit returned |
| PayPal 1047621516155 RETRY | 1/23/26 | 1/26/26 | $200.00 | Retry returned |
| PayPal Google | 1/23/26 | 1/26/26 | $3.17 | Returned |
| JCP&L | 1/26/26 | 1/27/26 | $194.74 | Returned |
| PayPal Papa John's RETRY | 1/26/26 | 1/27/26 | $39.87 | Retry returned |
| AMZ Storecard | 1/26/26 | 1/27/26 | $34.00 | Returned |
| PayPal Temu | 1/26/26 | 1/27/26 | $22.80 | Returned |
| PayPal ShopGoodwill RETRY | 1/27/26 | 1/28/26 | $101.00 | Retry returned |
| JCP&L NSF | 1/28/26 | 1/29/26 | $194.74 | NSF — see $$ note on statement |
| PayPal RETRY 1048058913530 | 2/05/26 | 2/06/26 | $101.00 | Retry returned |
| PayPal Echeck | 2/05/26 | 2/06/26 | $39.87 | Returned |
| PayPal 1048324344203 | 2/17/26 | 2/18/26 | $200.00 | Returned |
| PayPal PPCR | 2/17/26 | 2/18/26 | $68.00 | Returned |
| JCP&L | 2/23/26 | 2/24/26 | $194.74 | Returned |
| PayPal 1048324344203 RETRY | 2/24/26 | 2/25/26 | $200.00 | Retry returned |
| PayPal PPCR RETRY | 2/24/26 | 2/25/26 | $68.00 | Retry returned |
| JCP&L NSF | 2/25/26 | 2/26/26 | $194.74 | NSF — re-deposit next stmt |
| AMZ Storecard | 2/26/26 | 2/27/26 | $35.00 | Returned |
| CITI Autopay | 3/06/26 | 3/09/26 | $84.68 | Returned |
| CITI Autopay RETRY | 3/11/26 | 3/12/26 | $84.68 | Retry returned |
| CITI Autopay RETRY 2 | 3/16/26 | 3/17/26 | $84.68 | 2nd retry returned |
| PayPal PPCR | 3/16/26 | 3/17/26 | $61.00 | Returned |
| PayPal 1048955157028 | 3/17/26 | 3/18/26 | $234.00 | Returned |
| AMZ Storecard | 3/26/26 | 3/27/26 | $33.00 | Returned |
| Amazon | 4/01/26 | 4/02/26 | $33.00 | Returned |
| CITI Autopay | 4/06/26 | 4/07/26 | $162.27 | Returned |
| PayPal PPCR CC | 4/14/26 | 4/15/26 | $136.00 | Returned |
| JCP&L | 4/20/26 | 4/21/26 | $194.74 | Returned |
| PayPal PPCR CC RETRY | 4/20/26 | 4/21/26 | $136.00 | Retry returned |
| JERSEY CENTRAL P&L | 4/22/26 | 4/23/26 | $194.74 | Returned again |
| | | TOTAL RETUR | $3,671.43 | |

## PAYMENTS TO BoA MORTGAGE FROM 8908 — Dec 2025 to April 2026

Cross reference to BoA mortgage ledger (Loan #0219643283 / Acct ending 3283)

| Date | Amount | Description on 8908 | Matches Mortgage Ledger? | Notes |
|---|---|---|---|---|
| 3/02/26 | [RED]($1,408.08) | Loan Payment Confirmation# xhhtg#00 | ☑ YES — Posted 3/2/26 to mortgage | This is the only direct mortgage payment from 8908 in this window. |

⚠ **NO OTHER MORTGAGE PAYMENTS visible from 8908 between Dec 2025 and April 2026.**

The mortgage ledger shows Dec 17, 2025 had multiple $1,405.79 'Payment Posted' entries that were each REVERSED to unapplied funds same day. Those payments did NOT come from 8908 — check 8961 (or another source like Revolut) to find where the Dec 17 mortgage payments originated.

# STATEMENTS STILL NEEDED TO COMPLETE AUDIT

**Priority: 9961 statements to confirm the 8 overdraft-protection transfers.**

| Account | Statement Period Needed | Why |
|---|---|---|
| 9961 | Nov 18, 2025 – Dec 16, 2025 | Verify 11/28/25 $45.95 IN to 8908 |
| 9961 | Dec 17, 2025 – Jan 16, 2026 | Verify 1/7/26 $284.49 OUT to 8908 + 1/23/26 $83.56 IN |
| 9961 | Jan 17, 2026 – Feb 16, 2026 | Verify 5 overdraft transfers IN to 8908 totaling $392.31 |
| 9961 | Feb 17, 2026 – Mar 16, 2026 | Confirm no missed transfers; reconcile mid-month balance |
| 8908 | Apr 29, 2026 – present. | Most recent period. |
| 9961 | Apr 16, 2026 – present | Verify the 4/16/26 $400 + $40 transfers |

## INTER-ACCOUNT TRANSFERS — 8908 ↔ 9961

Every transfer between checking accounts in the Dec 2025–April 2026 window. ⚠ items require 9961 statement to verify offsetting entry.

| Date | Direction | Amount | Description | Confirmation | 9961 Side Confirmed? |
|---|---|---|---|---|---|
| 11/28/25 | IN ← 9961 | $45.95 | OVERDRAFT PROTECTION FROM 00009484169961 | auto | ⚠ Need 9961 Nov stmt |
| 1/07/26 | OUT → 9961 | [RED]($284.48) | OVERDRAFT PROTECTION TO 00000000000009484169961 | auto | ⚠ Need 9961 Jan stmt |
| 1/23/26 | IN ← 9961 | $83.56 | OVERDRAFT PROTECTION FROM 00009484169961 | auto | ⚠ Need 9961 Jan stmt |
| 1/30/26 | IN ← 9961 | $105.00 | OVERDRAFT PROTECTION FROM 00009484169961 | auto | ⚠ Need 9961 Feb stmt |
| 2/02/26 | IN ← 9961 | $65.57 | OVERDRAFT PROTECTION FROM 00009484169961 | auto | ⚠ Need 9961 Feb stmt |
| 2/03/26 | IN ← 9961 | $8.47 | OVERDRAFT PROTECTION FROM 00009484169961 | auto | ⚠ Need 9961 Feb stmt |
| 2/13/26 | IN ← 9961 | $133.39 | OVERDRAFT PROTECTION FROM 00009484169961 | auto | ⚠ Need 9961 Feb stmt |
| 2/17/26 | IN ← 9961 | $0.99 | OVERDRAFT PROTECTION FROM 00009484169961 | auto | ⚠ Need 9961 Feb stmt |
| 4/13/26 | IN ← 9961 | $125.00 | Online Banking transfer from CHK 9961 | 2490696988 | ☑ CONFIRMED — see 9961 4/15 stmt |
| 4/16/26 | IN ← 9961 | $400.00 | Online Banking transfer from CHK 9961 | 2335119231 | ⚠ AFTER 4/15 9961 close — need next 9961 |
| 4/16/26 | IN ← 9961 | $40.00 | Online Banking transfer from CHK 9961 | 1935135192 | ⚠ AFTER 4/15 9961 close — need next 9961 |

| | |
|---|---|
| TOTAL IN | $1,087.31 |
| TOTAL OUT | [RED]($284.48) |
| NET | $803.33 |

11:34

Banking

$25.00

Total available balance

| | |
|---|---|
| Checking<br>0.50% APY | $25.00 |
| Savings<br>1.00% APY | $0.00 |

Transfer Deposit Pay Zelle®

## Up Next

Setup In progress

**Add card to digital wallet**
Start using your card from your phone

Home Banking Crypto Invest Loans

000324 0001 0003 000
553211-O01-0

HIGHMARK. Blue Edge Dental
HEALTH INSURANCE COMPANY
P.O. Box 890118 Camp Hill, PA 17089-0118

000324

TIFFANY LEDONNE
2655 LOWER WAY
EASTON, PA 180400000

000324 0002 0003 000
533211-001-0

HIGHMARK. HEALTH INSURANCE COMPANY Blue Edge Dental
P.O. Box 890118 Camp Hill, PA 17089-0118

Dear Customer,

We have received a notice from your financial institution that your electronic payment has failed. Please log into eBill to verify the payment information is correct. If you have questions related to this declined payment, please contact your financial institution.

RETURN CODE: R01

Highmark Health Insurance Company reserves the right to suspend or terminate standing payment authorizations due to our inability to collect payment from your financial institution.

Thank you

Highmark Health Insurance Company

State Farm Mutual Automobile Insurance Company
PO Box 2358
Bloomington IL 61702-2358

State Farm

ST-15B
0103-H012

AT2 002257 0008 A-1150 A
LEDONNE, TIFFANY
2655 LOWER WAY
EASTON PA 18040-8707

# AUTO RENEWAL

**AMOUNT DUE: $1,179.48**
***Payment is due by July 30, 2025***

**Your State Farm Agent**
SEAN O'DONNELL
Office: 610-264-1000
Address: 830 3RD ST
WHITEHALL, PA 18052-6646

*If you have a new or different car, have added any drivers, or have moved, please contact your agent.*

**Thank you for choosing State Farm.**

Same thing 2026

**Policy Number: 584 5473-A30-38B**
Policy Period: July 30, 2025 to January 30, 2026

**Vehicles:**
1 2021 SUBARU OUTBACK
2 2009 HONDA FIT

**Principal Drivers:**

| Vehicle | Principal Driver |
|---|---|
| 1 | TIFFANY LEDONNE |
| 2 | TIFFANY LEDONNE |

CONVENIENT PAYMENT OPTION: You may use one of State Farm's alternate payment plans which divides your present premium into two separate payments.

You may pay one half of the amount due, $589.74 on JUL 30 2025.

The remaining half will be due on SEP 28 2025. We'll send you a reminder notice.

We also have available a plan to let you pay your premium in monthly installments. For details on this plan and to

*(continued on next page)*

Policy Number: 584 5473-A30-38B
Prepared June 6, 2025
1004583

Please fold and tear here



143562 202 01-15-2018

**Power To Pay Your Way**

**Online** statefarm.com/pay
**Mobile** Use the State Farm mobile app
**Call** Automated Line: 1-800-440-0998 Your agent: 610-264-1000
**Mail** Send us a check
**Visit your State Farm agent**

**Key code:** 4975921659

State Farm

Insured: LEDONNE, TIFFANY
Policy Number: 584 5473-A30-38B
**Amount Due: $1,179.48**
***Please pay by July 30, 2025***
Make payment to State Farm

1309508220
State Farm Insurance Companies
P.O. Box 588002
North Metro, GA 30029-8002

*For Office Use Only*

| AUTO REN | $1,179.48 | 0822 |
|---|---|---|

2-A2 A 1150-FB22
APP DT 09-08-2025 MUTL VOL

10058974 359521100117948 33810058454731111 3>

006573

pennsylvania
DEPARTMENT OF REVENUE
HARRISBURG PA 17128-2005

TIFFANY LEDONNE
2655 LOWER WAY
EASTON PA 18040-8707

| | |
|---|---|
| Date Issued | 02/04/2026 |
| Letter ID | L0040627941 |
| Social Security Number | ***-**-3674 |
| Account ID | 40006249685 |
| Period Ending | 12/31/2020 |

**Failure to Pay Notice**

This notice is to advise you that the referenced account is in a delinquent status. Pennsylvania Department of Revenue records indicate that you are the party responsible for outstanding Personal Income Tax liabilities. As of February 4, 2026, you have failed to resolve outstanding liabilities.

**Why you are receiving this notice**
If you have any questions regarding this notice, please contact the department using the information provided.

Delinquent Call Center
(717) 783-3000

Prior attempts to resolve this issue have been unsuccessful. This notice serves as a final attempt before further collection activities are required.

Please disregard this notice if you have recently mailed full payment, filed an appeal, or filed for bankruptcy.

**What you need to do**

You must pay your delinquent balance of $824.97 or make payment arrangements within 10 days of the Date Issued printed on this notice.

A Statement of Account has been enclosed with this letter. This statement may indicate additional delinquencies according to the Pennsylvania Department of Revenue records.

To avoid additional penalties and interest, send a check or money order along with the included payment voucher, payable to the PA Department of Revenue, to the address provided. Please note the last four digits of your Social Security Number on your payment. Payments may be made online via mypath.pa.gov.

Department of Revenue
P.O. Box 280431
Harrisburg, PA 17128-0431

Payments of $15,000 or greater that are not submitted electronically are subject to a penalty of 3 percent of the face value of the check up to a maximum penalty of $500.

**Failure to comply**

Failure to pay your outstanding liabilities could result in the filing of tax liens, garnishment of your wages, administrative bank attachment, referral to a third party collection agency, which could result in additional fees up to 39% added to your liability, and/or referring your account to the Office of Attorney General.

0000006170973386 01 03 00252 000

## PATH PAYMENT COUPON

pL002 : 20
L0040627941

00000617097386 02 03 00252 000

Pay online for free at https://mypath.pa.gov/.

Department of Revenue
P.O. Box 280431
Harrisburg, PA 17128-0431

Account Type: Personal Income Tax
Account ID: 40006249685
Period End Date: 31-Dec-2020

Amount Due: $824.97
Due Date: February 14, 2026

**Make check or money order payable to PA Department of Revenue. Please include Account ID and daytime telephone number on the check.**

| DEPT. USE ONLY |
|---|
| |

PITBIK0000001356118279999123 1BLLPYMCBIL00000824977

 REV aL001 14

pennsylvania
DEPARTMENT OF REVENUE
HARRISBURG PA 17128-2005

TIFFANY LEDONNE
2655 LOWER WAY
EASTON PA 18040-8707

| | |
|---|---|
| Date Issued | 02/04/2026 |
| Letter ID | L0040574907 |
| Social Security Number | ***-**-3674 |
| Account ID | 40006249685 |

**Personal Income Tax Statement of Account**

This is a Statement of Account for the Personal Income Tax account for the above-listed taxpayer.

**What information is included in the Statement of Account?**

Tax periods shown below include the three most recent periods that have been filed, periods that do not have a zero balance, and periods for which we have not yet received your return.

This Summary of Periods includes interest as of February 14, 2026.

Summary of Periods - Personal Income Tax 40006249685

| Filing Period | Transaction Type | Liability Amount | Payments/ Credits | Refunds/ Credit Transfers | Balance |
|---|---|---|---|---|---|
| December 31, 2023 | Tax | $1,465.00 | -$1,466.00 | $0.00 | $0.00 |
| | Interest | $0.00 | | | |
| | Penalties | $0.00 | | | |
| | Fees | $0.00 | | | |
| | Adjustments | $1.00 | | | |
| December 31, 2022 | Tax | $1,866.00 | -$1,866.00 | $0.00 | $14.36 |
| • Liability is underpaid | Interest | $5.36 | | | |
| | Penalties | $9.00 | | | |
| | Fees | $0.00 | | | |
| | Adjustments | $0.00 | | | |

0000061709738603 03 00252 100

ally

Vehicles: 1-888-925-2559

# Vehicles

| Vehicle Financing | Vehicle Balance | Payment Due | Due Date | Actions |
|---|---|---|---|---|
| 2021 SUBARU O... ••4948 | $7,492.09 | $567.64 | Jun 03, 2026 | Make a Payment |
| **Total** | **$7,492.09** | **$567.64** | | |

A FEW THINGS YOU SHOULD KNOW

Ally Financial Inc. (NYSE: ALLY) is a leading digital financial services company, NMLS ID 3015. Ally Bank, the company's direct banking subsidiary, offers an array of deposit products and services. Ally Bank is a Member FDIC and **Equal Housing Lender**, NMLS ID 181005. Credit products are subject to approval and additional

*...201.600.9705 continued*

| | | |
|---|---|---|
| 11. | PA State Sales Tax - Telecom | $0.11 |

**Total for 201.600.9705** **$76.66**

## Wearable, 484.837.5307
TIFFANY LEDONNE

| Monthly charges | *Feb 28 - Mar 27* | |
|---|---|---|
| 1. FirstNet Unlimited Wearable | | $10.00 |
| 2. FirstNet Messaging | | $0.00 |
| **Company fees & surcharges** | | |
| 3. Administrative & Regulatory Cost Recovery Fee | | $3.99 |
| 4. Federal Universal Service Fee | | $0.05 |
| 5. State Gross Receipts Surcharge | | $0.02 |
| **Government fees & taxes** | | |
| 6. 911 Service Fee | | $1.95 |
| 7. PA State Sales Tax - Telecom | | $0.03 |

**Total for 484.837.5307** **$16.04**

## Connected Device, 610.810.6906
TIFFANY LEDONNE

| Monthly charges | *Feb 28 - Mar 27* | |
|---|---|---|
| 1. FirstNet Unlimited Extra Mobile Hotspot | | $43.00 |
| 2. Protect Advantage (includes insurance) - Tier 2 | | $16.00 |
| 3. FirstNet Messaging | | $0.00 |
| **Company fees & surcharges** | | |
| 4. Administrative & Regulatory Cost Recovery Fee | | $3.99 |
| **Government fees & taxes** | | |
| 5. PA State Sales Tax | | $0.96 |

**Total for 610.810.6906** **$63.95**

**Total for Wireless** **$156.65**

## News you can use

**Add a new line for less than you think**
Add a friend, add a family member, add a line for someone you love - everyone gets our best deals. Call: 866.766.2888.

**myAT&T puts you in control!**

Check for deals, shop, upgrade, and add lines. Compare features, specs and reviews. Pay your bill, manage your plan, add features, and get help - all on your time. Visit att.com/myatteasy2

## Important information

**Late payment fee**

*Important information continues...*

## GENERAL INFORMATION

**Bill Questions?**

If you have a question about the bill, please call UGI before the bill's due date. UGI's phone number, your due date and billing rate can be found on the front of the bill. A detailed rate schedule can be requested. You may also contact UGI at our web site, www.ugi.com

Hearing or speech impaired customers, TDD only, call 1-800-654-5988. To discuss an overdue account, call 1-800-276-2722, weekdays

**Bill Payments**

Paying your bill by mail is convenient. Simply use the envelope provided with your bill. You may also pay at one of your payment centers. A list of the payment centers is available upon request. UGI offers a plan where your bank deducts your payment automatically from your checking or savings account. Please call us if you are interested in this service. To pay by phone, please call 800-276-2722.

**Need Your Natural Gas Service Turned Off?**

To ensure that your Natural Gas service is turned off on the day that you want, please contact UGI seven days in advance.

Third Party Notification – Budget Billing Plan – Operation Share – Customer Assistance Program (CAP) Call us to discuss these UGI Programs.

## EXPLANATION OF TERMS

**Bill Proration** — If there are rate changes during a billing cycle, the customer's bill will include prorated charges based on the timing of the rate changes within the billing period.

CCF — 100 cubic feet of gas. MCF — 1,000 cubic feet of gas. This is a measure of gas usage.

[illegible] MCF).

**Customer Charge** — A monthly charge to cover natural gas distribution company (NGDC) costs such as maintaining the gas lines, meter reading and billing.

**Distribution Charges** — The charges for delivery of natural gas from the point of receipt into the NGDC's system.

**Estimated Bill** — A bill based on your previous use and weather conditions. UGI may need to estimate your bill due to extreme weather conditions, emergencies, or any other circumstances that prevent UGI from taking a meter reading.

**Heat Value Correction** — A correction factor applied to metered usage to adjust for gas heating values that locally differ from system average heating values. Not applicable to Maryland customers.

**Late Payment Charge** — Fee that UGI charges if you do not pay your bill on time. It is a fixed monthly percentage of the amount owed.

**Maryland Franchise Tax** — A tax surcharge for the recovery of the Maryland Franchise Tax. Not applicable to Pennsylvania customers.

**Price to Compare** — The dollar amount charges by the NGDC, used by consumers to compare prices and potential savings with other natural gas suppliers. Not applicable to Maryland customers.

**State Tax Surcharge** — A charge approved by the Pennsylvania Public Utility Commission. It is a special charge to recover state

**System Improvement Charge** — A charge used to recover costs for repairing, improving or replacing distribution facilities in order to provide safe, reliable and efficient service. Not applicable to Maryland customers.

**Weather Normalization Adjustment (WNA)** — Is a method of billing distribution charges based on "normal" weather approved by the Pennsylvania Public Utility Commission. Not applicable to Maryland customers.

EMERGENCIES: To report a Gas Leak, call 1-800-276-2722, 24 hours a day

Met-Ed
A FirstEnergy Company

Metropolitan Edison Company
341 White Pond Dr
Akron, OH 44320-1119
04/24/2026

Account: 100 047 121 635

0004386 01 AB 0.64
TIFFANY LEDONNE
2655 LOWER WAY
EASTON PA 18040-8707

Dear TIFFANY LEDONNE:

We have been notified the check or electronic debit that was submitted to pay your electric bill was regrettably returned to us due to Non Sufficient Funds. You may contact your financial institution to confirm the returned payment date and reason.

Your payment of $194.74 was not processed.

A return check fee of $15.00 has been added.

If you were enrolled in one of our AutoPay programs, your AutoPay enrollment has been cancelled due to the return. To re-enroll in an AutoPay program, please visit our website.

We understand that situations can happen for various reasons. If you're having trouble paying your electric bill, please visit www.firstenergycorp.com/help/billingpayments to view payment plans or assistance options that may be available to you. You may also call our toll-free Customer Care number so one of our representatives can assist you.

If you have already made this payment, thank you. If you still need to satisfy the amount due, payment can be made by visiting our website at www.firstenergycorp.com, by paying at one of our Authorized Payment Agents using cash, a certified check, or a money order, or by calling our Customer Care Center toll free at 1-800-962-4848 weekdays between 8:00 a.m. and 6:00 p.m. For a list of Authorized Payment Agent locations, please visit www.firstenergycorp.com/forms/paymentagencies. **For your protection, please do not send cash in the mail.**

We appreciate your prompt attention to this matter.

Sincerely,

Metropolitan Edison Company

**FORKS TOWNSHIP**
1606 SULLIVAN TRAIL
EASTON PA 18040-8332

**Office Hours**
7:30 am to 4:00 pm
Monday – Friday
Utility Billing: 610-252-0785
utilities@forkstownship.org

Sign Up for eBills:

1 of 1

LEDONNE, TIFFANY
2655 LOWER WAY
EASTON, PA 18040-8707

0042 013709

**Payment Options**

- In Office Monday - Friday 7:30 am to 4:00 pm
- By Mail
- Dropbox located across from front entrance of the Municipal Building
- Bank bill pay-check sent directly to our office
- Online at www.EdmundsGovPay.com/ForksTownship

| Customer Name | Account Number | Bill Date |
|---|---|---|
| LEDONNE, TIFFANY | 487361-1 | 04/01/26 |

**FAILURE TO RECEIVE BILL DOES NOT RELINQUISH RESPONSIBILITY FOR PAYMENT NOR WAIVE PENALTY**

**$25.00 FEE FOR ALL RETURNED CHECKS**

**WIPP PIN: 8861**

| Previous Readings | Consumption | Service | Amount |
|---|---|---|---|
| 19 | 18 | Sewer Oct-Dec | $100.00 |
| | | Trash Mar-May | $87.50 |
| 2655 LOWER WAY | | | |
| Service may be discontinued at any time for arrears amount due. | | | $187.50 |

**Message Center**
Failure to pay utility claims may result in your account being forwarded to collections. If you have received a notice from Portnoff Law Associates for delinquent claims, please contact their office directly at 866-211-9466 as we are unable to take payments or discuss payment options on their behalf. |THE FORKS BUSINESS ASSOCIATION CONNECTS BUSINESSES, RESIDENTS, AND LEADERS IN FORKS TOWNSHIP. STAY UPDATED ON EVENTS AND INITIATIVES BY SUBMITTING YOUR INFO: https://tinyurl.com/ForksBusiness.

| | |
|---|---|
| Previous Balance | $590.64 |
| Current Charges | $187.50 |
| Total Amount Due | **$778.14** |
| Pay This Amount After 04/30/26 | $787.49 |
| **Current Bill Due by 04/30/26** | |

**HOLIDAY REMINDERS:**
IF PICK-UP FALLS ON SCHEDULED HOLIDAYS OR AFTER-PICK UP WILL BE DELAYED BY ONE DAY. HOLIDAYS ARE: NEW YEARS, MEMORIAL DAY, FOURTH OF JULY, LABOR DAY, THANKSGIVING, & CHRISTMAS.

Thank you for your last payment of $175.50 on 04/22/25

0017109 - 013709 - 0016005577

RETURN THIS PORTION WITH PAYMENT

**Make Check(s) Payable to Forks Township Utility - Do Not Fold**

| | |
|---|---|
| **Account Number** | 487361-1 |
| **Due Date** | 04/30/26 |
| **Total On Or Before 04/30/26** | **$778.14** |
| **Total After 04/30/26** | $787.49 |

Service Location: 2655 LOWER WAY
Customer Name: LEDONNE, TIFFANY

IF APPLICABLE, PLEASE PROVIDE WELL OR BY-PASS METER READING

LIST ALL DIGITS THAT APPEAR ON YOUR METER LEFT TO RIGHT

**AMOUNT ENCLOSED:** ______________________

LEDONNE, TIFFANY
2655 LOWER WAY
EASTON PA 18040

*Remit payment to:*

FORKS TOWNSHIP
1606 SULLIVAN TRL
EASTON PA 18040-8332

*Energy to do more®*

UGI Utilities, Inc.
PO Box 13009
Reading, PA 19612-3009
(800) 276-2722

April 22, 2026

TIFFANY LEDONNE
2655 LOWER WAY
EASTON PA 18040-8707

Regarding: Account 411003459632
Service Address: 2655 LOWER WAY
EASTON PA 18040-8707

Hello,

Our records indicate that you have a past due balance of $565.38 on the UGI account listed above. Please arrange for payment of this amount as soon as possible. If this amount has already been paid, you may disregard this notice.

If you need help with your utility bill, you may be eligible for the UGI Customer Assistance Program (CAP). CAP offers a personalized monthly payment and provides bill and debt forgiveness with on-time payments. To apply for CAP, you will need to provide proof of household income and identification. To see if you are eligible, and to complete an application, visit ugi.com/CAP or call us at 800-UGI-WARM.

If you have any other questions regarding this bill or to make payment, please visit UGI online at ugi.com or call us at 800-276-2722, Monday through Friday 8 am to 5 pm.

Thank You,

UGI Utilities

If you pay at a payment agent, please take your entire bill. Make check payable to UGI.
Keep this part for your records. **Important information is on the back of this bill.**

*Energy to do more®*

**UGI Utilities, Inc.**
PO Box 15503
Wilmington, DE 19850-5503

Account Number
411003459632

Please pay by the due date to avoid the late charge. Please return this portion with your payment.

| Amount Due |
| --- |
| 565.38 |

TIFFANY LEDONNE
2655 LOWER WAY
EASTON PA 18040-8707

4110034596320300000056538000000565382

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

______________________ County

**For Prothonotary Use Only:**

Docket No:
C-48-CV-2026- 04535

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

Commencement of Action:
- ☐ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: LaDonna Tiffany | Lead Defendant's Name: BofA |
|---|---|
| **Are money damages requested?** ☐ Yes ☒ No | Dollar Amount Requested: (check one) ☐ within arbitration limits ☐ outside arbitration limits |
| **Is this a *Class Action Suit*?** ☐ Yes ☒ No | **Is this an *MDJ Appeal*?** ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: ______________________

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☒ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*